**In the Interest of R.M., W.L., and C.L.**

No. 04–07–00048–CV.

Court of Appeals of Texas,
San Antonio.

July 11, 2007.

———

Manuel C. Rodriguez, Jr., San Antonio, for appellant.

Alison A. Fox, Asst. Crim. Dist. Atty., San Antonio, for appellee.

Veronica Segovia, San Antonio, for ad litem.

Sitting: SANDEE BRYAN MARION, Justice, PHYLIS J. SPEEDLIN, Justice, REBECCA SIMMONS, Justice.

## OPINION

Opinion by SANDEE BRYAN MARION, Justice.

In this appeal from an order terminating appellant's parental rights, we determine whether we may consider an ineffective assistance of counsel claim when appellant failed to file a statement of appellate points in the trial court. We conclude the Texas Family Code precludes us from consideration of this issue; therefore, we affirm the trial court's order.

## DISCUSSION

Texas Family Code chapter 263 governs final orders in termination proceedings involving children under the care of the Texas Department of Family and Protective Services. A party intending to appeal such an order must file with the trial court, no later than fifteen days after the final order is signed, a statement of points on which the party intends to appeal. TEX. FAM.CODE ANN. § 263.405(b) (Vernon Supp. 2006). The statement of points may be filed separately or it may be combined with a motion for new trial. *Id.* In 2005, the Legislature amended section 263.405 to add subsection (i), which provides that an "appellate court may not consider any issue that was not specifically presented to the trial court in a timely filed statement of the points on which the party intends to appeal or in a statement combined with a motion for new trial." *Id.* § 263.405(i). Here, appellant did not file a motion for new trial or statement of appellate points. On appeal, appellant raised a single issue: he was denied effective assistance of counsel with respect to his right to appeal the termination order because trial counsel failed to preserve his right to appeal by neglecting to comply with Family Code section 263.405(b).

Many of our sister courts have considered whether an appellate court may ad-

dress a claim of ineffective assistance of counsel when that complaint is not raised in a statement of appellant points in the trial court. Like these courts, in spite of the harsh results, we conclude we are expressly precluded by statute from considering such an issue on appeal. *See In re R.M.R.*, 218 S.W.3d 863, 864 (Tex.App.-Corpus Christi–Edinburg 2007, no pet. h.); *Pool v. Tex. Dep't of Family & Protective Servs.*, 227 S.W.3d 212, 215 n. 11 (Tex. App.-Houston [1st Dist.] 2007, no pet. h.); *In re D.A.R.*, 201 S.W.3d 229, 231 (Tex. App.-Fort Worth 2006, no pet.); *In re E.A.R.*, 201 S.W.3d 813, 815 (Tex.App.-Waco 2006, no pet.) (Vance, J., concurring). Also, like these courts, we question section 263.405(i)'s "practical effects and constitutional implications in termination cases involving an indigent parent represented by appointed counsel." *In re E.A.R.*, 201 S.W.3d at 814. Therefore, we join our sister courts in asking the Legislature to revisit the scope of section 263.405(i). *See also In re R.C.*, 243 S.W.3d 674, 677 (Tex.App.-Amarillo 2007, no pet. h.) (Quinn, J., concurring) (asking the Legislature to revisit the scope of section 263.405(i)); *In re R.J.S.*, 219 S.W.3d 623, 627–28 (Tex.App.-Dallas 2007, pet. filed) (noting, "As it stands right now, section 263.405(b) is a trap for the unwary.").

Because appellant's complaint on appeal did not appear in a statement of appellate points filed with the trial court, we are barred from considering the issue on appeal. Consequently, we affirm the trial court's termination order.