MEMORANDUM OPINION



No. 04-07-00292-CV



IN THE INTEREST OF A.R., et. al, Children



From the 224th Judicial District Court, Bexar County, Texas


Trial Court No. 2006-PA-00850


Honorable Joe Frazier Brown, Jr., Judge Presiding



Opinion by: Catherine Stone, Justice


Sitting: Alma L. López, Chief Justice

 Catherine Stone, Justice

 Rebecca Simmons, Justice


Delivered and Filed: November 28, 2007


AFFIRMED

 This appeal arises from the termination of Jennifer Rodriguez's parental rights to four of her
children. Rodriguez appeals the trial court's order finding that the appellate points raised in her
statement of appellate points were frivolous. See Tex. Fam. Code Ann. 263.403(d)(3) (Vernon
Supp. 2007). We affirm the trial court's order because Rodriguez failed to specifically present
several of her appellate issues in her statement of appellate points and because the trial court did not
abuse its discretion in finding the issue that was specifically presented to be frivolous.

 In an appeal from an order terminating parental rights involving the Department of Family
and Protective Services, this court may consider only those appellate issues that were specifically
presented to the trial court in a timely filed statement of appellate points. Tex. Fam. Code Ann.
§ 263.405(i) (Vernon Supp. 2007). In this case, Rodriguez raises issues relating to ineffective
assistance of counsel and the trial court's failure to grant her request for a continuance. Neither of
those issues, however, was specifically presented in her statement of appellate points; therefore, we
are barred from considering those issues on appeal. See id.; see also In re R.M., No. 04-07-00048-CV, 2007 WL 1988149, at *1-2 (Tex. App.--San Antonio July 11, 2007, pet. denied) (holding
appellate court cannot consider ineffective assistance of counsel issue that was not raised in
statement of appellate points).

 Rodriguez also complains that the evidence is factually insufficient to establish that her
youngest child, N.A.O.O., had been in the permanent or temporary managing conservatorship of the
Department not less than nine months. The trial court terminated Rodriguez's parental rights based
on its findings that termination was in the children's best interest and that Rodriguez "failed to
comply with the provisions of a court order that specifically established the actions necessary for the
mother to obtain the return of the children who have been in the permanent or temporary managing
conservatorship of the Department of Family and Protective Services for not less than nine months
as a result of the children's removal from the parent under Chapter 262 for the abuse or neglect of
the children." See Tex. Fam. Code Ann. § 161.001(1)(O) (Vernon Supp. 2007). To terminate
Rodriguez's parental rights under section 161.001(1)(O), the Department was required to establish
that the child in question had been in the Department's conservatorship for not less than nine
months. See id. N.A.O.O. was only six months old at the time the termination order was signed. 

 Notwithstanding this failure of proof, however, the only issue raised with regard to factual
sufficiency in Rodriguez's statement of appellate points is the following:

 2. The evidence is factually insufficient to support the court's finding that
Respondent failed to comply with the provisions of a court order that specifically
established the actions necessary for the parent to obtain the return of the children
who have been in the permanent or temporary managing conservatorship of the
Department of Family and Protective Services for not less than nine months as a
result of the children's removal from the parent under Chapter 262 for the abuse or
neglect of the children. Namely that Respondent failed to complete her Plan of
Service set forth by the Department of Family and Protective Services.


(emphasis added). Although this issue specifically challenges the factual sufficiency of the evidence 
to support the trial court's finding that Rodriguez failed to comply with the provisions of a court
order, see In re J.A.B., No. 2-06-404-CV, 2007 WL 3037720, at *2 (Tex. App.--Fort Worth Oct.
18, 2007, no pet. h.), it does not specifically challenge the factual sufficiency of the evidence with
regard to the length of time the children had been in the Department's managing conservatorship. 
See In re E.J.W., No. 04-06-00219-CV, 2006 WL 2871570, at *1 (Tex. App.--San Antonio Oct. 11,
2006, no pet.). Accordingly, we are barred from considering that complaint on appeal. 

 After applying section 263.405(i) to the issues raised on appeal, the only issue this court may
consider is whether the trial court erred in determining that Rodriguez's challenge to the factual
sufficiency of the evidence establishing that she failed to comply with the provisions of a court order
would be frivolous. We review a trial court's determination that an appeal is frivolous under an
abuse of discretion standard. In re M.N.V., 216 S.W.3d 833, 834 (Tex. App.--San Antonio 2006,
no pet.).

 In a factual sufficiency review in the context of an order terminating parental rights, "a court
of appeals must give due consideration to evidence that the factfinder could reasonably have found
to be clear and convincing." In re J.F.C., 96 S.W.3d 256, 266 (Tex. 2002). The inquiry must be
whether the evidence is such that a factfinder could reasonably form a firm belief or conviction about
the truth of the Department's allegations. Id. We must consider "whether disputed evidence is such
that a reasonable factfinder could not have resolved that disputed evidence in favor of its finding." 
Id. "If, in light of the entire record, the disputed evidence that a reasonable factfinder could not have
credited in favor of the finding is so significant that a factfinder could not reasonably have formed
a firm belief or conviction, then the evidence is factually insufficient." Id.

 In this case, the evidence established that while Rodriguez was somewhat engaged in her
parenting classes at first, she subsequently decided to move to Houston and had not continued to
attend classes. Rodriguez decided to move to Houston despite the Department's caution that the
move could cause a set-back in the service plan. Rodriguez chose to visit the children only once a
month for two hours; however, she missed at least one appointment and was sometimes as late as
one hour and fifteen minutes. Rodriguez did not make any calls between visits to check on the
children's welfare. Although A.R. was deaf, Rodriguez failed to attend classes to learn sign
language. Rodriguez testified that she was unable to find a class that she could afford; however, the
Department presented evidence of the various opportunities available to her that she did not pursue. 
The only evidence Rodriguez relied on to show that she had maintained stable employment was a
handwritten letter that she had been cleaning houses during the two weeks prior to trial, and her
testimony that she had worked at a Jason's Deli for two months while she was living in Houston. 
Rodriguez had not paid any of the court-ordered child support. Although Rodriguez underwent the
initial psychological evaluation, she failed to follow up with the recommended counseling. 
Similarly, Rodriguez did undergo the court-ordered drug assessment but failed to follow up with the
recommended counseling. Rodriguez failed to attend the court-ordered homemaking course. 
Although she started the family violence course, she dropped out. Finally, although ordered to
obtain stable and consistent housing, Rodriguez had been moving from place to place. Rodriguez
testified at trial that she had recently rented an apartment; however, she did not provide a copy of her
lease. Based on the evidence presented at trial, the trial court did not abuse its discretion in finding
that Rodriguez's factual sufficiency complaint would be frivolous.

 The trial court's judgment is affirmed.


 Catherine Stone, Justice