

# OPINION

No. 04-08-00016-CV

**IN THE INTEREST OF N.C.M.**, J.M.F., and T.L.F.

From the 216th Judicial District Court, Kendall County, Texas
Trial Court No. 06-401
Honorable Robert Hofmann, Judge Presiding

Opinion by:    Sandee Bryan Marion, Justice

Sitting:    Alma L. López, Chief Justice
Sandee Bryan Marion, Justice
Rebecca Simmons, Justice

Delivered and Filed:    August 13, 2008

AFFIRMED

This is an accelerated appeal from trial court's determination that appellant's appeal of the termination of his parental rights to his children was frivolous. We affirm.

## DISCUSSION

On appeal, appellant does not challenge the trial court's finding that his appeal was frivolous. Instead, in a single issue, appellant asserts Family Code section 263.405(i) is facially unconstitutional because it arbitrarily removes a right that other civil litigants have in other appeals, which is to challenge the legal and factual sufficiency of the evidence on appeal. To sustain a facial challenge, the party must show that the statute, by its terms, always has and always will operate unconstitutionally. *Neeley v. West Orange-Cove Consol. Indep. Sch. Dist.*, 176 S.W.3d 746,

814 n.94 (Tex. 2005); *In re Pensom*, 126 S.W.3d 251, 254 (Tex. App.—San Antonio 2003, orig. proceeding). We conclude appellant has not met this burden.

The premise of appellant's argument is that section 263.405(i) is facially unconstitutional because the expedited timetable set forth in section 263.405 deprives appellate counsel of meaningful review of the trial record. A party challenging a termination order must file, "[n]ot later than the 15th day after the date a final order is signed by the trial judge, . . . (1) a request for a new trial; or (2) if an appeal is sought, a statement of the point or points on which the party intends to appeal." TEX. FAM. CODE ANN. § 263.405(b) (Vernon Supp. 2007). Section 263.405(i) prohibits an appellate court from "consider[ing] any issue that was not specifically presented to the trial court in a timely filed statement of the points on which the party intends to appeal or in a statement combined with a motion for new trial." *Id.* § 263.405(i). "For purposes of this subsection, a claim that a judicial decision is contrary to the evidence or that the evidence is factually or legally insufficient is not sufficiently specific to preserve an issue for appeal." *Id.*

As support for his challenge to section 263.405(i), appellant urges this court to adopt Justice Vance's reasoning in his concurring opinion in *In re E.A.R.*, 201 S.W.3d 813 (Tex. App.—Waco 2006, no pet.). In his concurrence, Justice Vance "question[ed] whether subsection 263.405(i), as applied to certain termination cases–especially those cases involving indigent parents whose appointed appellate counsel is not the same as appointed trial counsel–passes constitutional muster because it can operate to deprive appellate review of any issues under its accelerated timetable." *Id.* at 816 (Vance, J., concurring) (considering an "as applied" constitutional challenge). We share Justice Vance's concern that appointed appellate counsel, who is often different from trial counsel,

may not have the time to closely review the trial record to determine whether there are any arguable points to present for review. *See id.* at 817; *see In re R.M.*, No. 04-07-00048-CV, 2007 WL 1988149, * 1 (Tex. App.—San Antonio July 11, 2007, pet. denied) ("join[ing] our sister courts in asking the Legislature to revisit the scope of section 263.405(i)."). And we recognize these circumstances may result in section 263.405(i) being unconstitutional "as applied" to a specific case because an "'as applied challenge' only requires the challenger to demonstrate that the statute operates unconstitutionally when applied to the challenger's particular circumstances." *In re B.S.W.*, 87 S.W.3d 766, 771 (Tex. App.—Texarkana 2002, pet. denied); *see, e.g., In re S.K.A.*, 236 S.W.3d 875, 894 (Tex. App.—Texarkana 2007, pet. denied) (holding section 263.405(i) unconstitutional as applied); *In re D.M.*, 244 S.W.3d 397, 415 (Tex. App.—Waco 2007, no pet.) (same); *In re J.O.A.*, No. 07-07-0042-CV, ___ S.W.3d ___, 2008 WL 495324, * 12 (Tex. App.—Amarillo Feb. 25, 2008, no pet. h.) (same).

However, a party seeking to invalidate a statute "on its face" bears a heavy burden to establish that every application of the statute violates the constitution. *See Nootsie, Ltd. v. Williamson County Appraisal Dist.,* 925 S.W.2d 659, 663 (Tex. 1996). Although we agree with appellant that appellate counsel often has little to no background on what occurred at trial other than information obtained from trial counsel or the client, we cannot agree with appellant that these circumstances automatically result in depriving parents whose parental rights have been terminated of their due process and equal protection rights. Therefore, we conclude appellant has not established that section 263.405(i) by its terms, always has and always will operate unconstitutionally.

## CONCLUSION

We overrule appellant's issue on appeal and affirm the trial court's judgment.


Sandee Bryan Marion, Justice