Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio




# OPINION

No. 04-09-00069-CV

**IN THE INTEREST OF A.M.**, A.M. and B.M., Children

From the 131st Judicial District Court, Bexar County, Texas
Trial Court No. 2008-PA-01447
Honorable Antonia Arteaga, Judge Presiding

Opinion by:    Rebecca Simmons, Justice
Concurring Opinion by: Sandee Bryan Marion

Sitting:       Sandee Bryan Marion, Justice
               Rebecca Simmons, Justice
               Marialyn Barnard, Justice

Delivered and Filed:  February 24, 2010

AFFIRMED

This case arises from the attempts by Appellants, the maternal aunt and the maternal grandmother, to adopt the children in question.  Over nine months after the rights of the biological parents were terminated, the aunt filed a petition to adopt the children, and several months later the grandmother filed a Plea in Intervention in Suit for Adoption.  The trial court dismissed the suit based on lack of standing.  This appeal followed.

## FACTUAL BACKGROUND

The children, A.M., A.M., and B.M., ("children") resided with their maternal aunt for approximately two years before the Department removed the children, in March 2007, based upon allegations of abuse.  These allegations, however, were eventually determined to be

unsubstantiated. Thereafter, on October 18, 2007, the parental rights with regard to all three children were terminated. After the termination, the Texas Department of Family and Protective Services (the Department) continued to encourage visitation between the aunt and the children, including unsupervised overnight visitations. On July 21, 2008, the aunt filed an original petition for adoption of the children. Almost five months later, the aunt filed a motion requesting the trial court to temporarily name her the children's sole managing conservator. The Department filed a motion to strike the aunt's petition for adoption and the grandmother's plea in intervention and a motion to dismiss for lack of standing and the children's attorney ad litem filed a motion to strike the grandmother's petition in intervention for lack of standing. Specifically, the Department argued that the aunt lacked standing because the petition for adoption was filed more than ninety-days after parental rights were terminated, and the Department did not consent to the adoption. *See* TEX. FAM. CODE ANN. § 102.006 (Vernon 2008). On January 20, 2009, the grandmother filed a Petition in Intervention in Suit for Adoption requesting that she be allowed to adopt the children or to be appointed managing conservator if the aunt's petition was denied. *See id.* § 102.004(b).[1]

### PROCEDURAL BACKGROUND

Appellants made three arguments before the trial court. First, Appellants argued that they have standing to seek adoption or managing conservatorship based on "substantial past contact with the children" under the Texas Family Code section 102.005(5). *Id.* § 102.005. Further, Appellants claim that the Department should be estopped from asserting any limitations to

---

[1] The grandmother also had substantial past contact with the children, but her Petition for Intervention was also filed more than ninety days after the biological parents' rights were terminated.

standing under section 102.006(c)[2] as a result of alleged misrepresentations made by the Department and the aunt's detrimental reliance on these alleged misrepresentations. *See id.* §§ 102.005, 102.006. Second, Appellants contended that the Department wrongfully withheld consent to their suit for adoption pursuant to section 162.010(a). *Id.* § 162.010(a). Finally, Appellants alleged that Texas Family Code section 102.006 violates due process in that it deprives a relative of the liberty interest in family integrity and association with family members by limiting an original suit filed by a family member to ninety days after parental termination. *Id.* § 102.006(c).

The trial court allowed the parties to present witnesses, but limited the testimony to (1) the issue of standing and whether the aunt had filed her original suit within ninety-days of the termination; and (2) whether the Department was estopped to claim she lacked standing. The testimony presented substantiated the contact the aunt had with the Department and the children following the termination of the rights of the children's biological parents. Although Appellants' counsel attempted to raise the issue of the Department's wrongfully withheld consent to adoption on several occasions, the trial court refused to consider any testimony beyond the issue surrounding the ninety-day bar established under section 102.006(c) and estoppel. *Id.* At the conclusion of the hearing, the trial court granted the Department's motion to strike for lack of standing. The trial court subsequently heard and denied Appellants' motion for reconsideration.

---

[2] Section 102.006(c) limits the standing of a family member to seek adoption to within ninety days after the date the parent-child relationship between the child and the biological parents is terminated. *See* TEX. FAM. CODE ANN. § 102.006(c) (The limitations on filing suit imposed by this section do not apply to . . . an aunt who is a sister of a parent of the child . . . [who] files an original suit or a suit for modification requesting managing conservatorship of the child not later than the 90th day after the date the parent-child relationship between the child and the parent is terminated.").

**S**TANDING

In an original suit affecting the parent-child relationship in which the petitioner seeks adoption or managing conservatorship, the question of standing is a threshold issue. *See* § 102.006 (Vernon 2008) (outlining individuals who may not file an original suit in cases wherein the parent-child relationship between the child and every living parent of the child has been terminated); *see also In re M.P.B.*, 257 S.W.3d 804, 808 (Tex. App.—Dallas 2008, no pet.). "[A] party seeking relief in such suits must plead and establish standing within the parameters of the language used in the Code." *In re MTC*, 299 S.W.3d 474, 480 (Tex. App.—Texarkana 2009, no pet.) (citing *In re H.G.*, 267 S.W.3d 120, 124 (Tex. App.—San Antonio 2008, no pet.); *see also* TEX. FAM. CODE ANN. §§ 102.003-.007. If a party fails to establish standing, the trial court must dismiss the suit. *See In re C.M.C.*, 192 S.W.3d 866, 870 (Tex. App.—Texarkana 2006, no pet.). In the present case, we look to the Texas Family Code to determine standing. *Tex. Dep't of Prot. & Regulatory Servs. v. Sherry*, 46 S.W.3d 857, 861 (Tex. 2001).

In a case of first impression before this court, we must decide whether a person seeking to adopt has the right to request an evidentiary hearing to determine whether the Department wrongfully withheld its consent to adopt under section 102.006(b)(2). TEX. FAM. CODE ANN. § 102.006(b)(2). Likewise, we must examine the constitutionality of the ninety-day limitation applicable to family members of children whose parents' rights have been terminated. *Id.* § 102.006(c).

**A. Standard of Review**

Because this case involves reviewing a jurisdictional issue, we apply a de novo standard of review. *Tex. Dept. of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004). When reviewing a ruling on a motion to dismiss for lack of jurisdiction, we accept the allegations in the

petition as true and construe them in favor of the pleader. *Bexar County v. Lopez*, 94 S.W.3d 711, 713 (Tex. App.—San Antonio 2002, no pet.). In addition to the pleadings, we may also consider relevant evidence and must do so when necessary to resolve the jurisdictional issues raised. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). If the evidence creates a question of fact regarding the jurisdictional issue, the plea to the jurisdiction cannot be granted, and the fact issue is left to be resolved by the fact finder. *Miranda*, 133 S.W.3d at 227-28.

Statutory construction is a legal question and is also reviewed de novo. *F.F.P. Operating Partners, L.P. v. Duenez*, 237 S.W.3d 680, 683 (Tex. 2007). In construing a statute, our primary objective is to determine the legislature's intent, which, when possible, we discern from the plain meaning of the words chosen. *State v. Shumake*, 199 S.W.3d 279, 284 (Tex. 2006). Additionally, the constitutionality of a statute is a question of law, which appellate courts review de novo. *In re C.P.J.*, 129 S.W.3d 573, 576 (Tex. App.—Dallas 2003, pet. denied).

**B. Texas Family Code Sections 102.005 and 102.006**

*1. Preservation and Waiver*

The Department argues that the Appellants failed to raise the issue that the Department should not have been allowed to challenge Appellants' standing before the trial court. To preserve a complaint for appellate review, the record must first show that the complaint was made to the trial court by a timely request, objection, or motion stating the grounds with sufficient specificity to make the trial court aware of the complaint, *unless those grounds are apparent on the record*; and second, that the trial court ruled or refused to rule on the request, objection, or motion. *Verburgt v. Dorner*, 959 S.W.2d 615, 616-17 (Tex. 1997) (liberally

construing the Rules of Appellate Procedure to protect a party's right to appeal).[3] (emphasis added). The record reflects that the trial court clearly understood Appellants' argument regarding equitable estoppel and the refusal of the Department to consent to the adoption. Given the appellate courts' liberal construction of the Rules of Appellate Procedure, Appellants properly preserved this issue for review. *Id.*

### 2. Standing under the Family Code

Section 102.005 of the Texas Family Code details the standing requirements for a person filing a petition for adoption. TEX. FAM. CODE ANN. § 102.005. Pertinent to this case is that an "adult whom the court determines to have had substantial past contact with the child sufficient to warrant standing" may file a petition for adoption. *Id.* Section 102.006, however, limits the standing of particular individuals in cases where an original suit is filed and the parents' rights were previously terminated. *Id*. § 102.006.

The parties concede that both the aunt and the grandmother meet the standing requirement set forth in section 102.005(5) that grants standing to adopt to those who have had substantial contact with the child. *Id.* § 102.005. Section 102.006(a) provides that when the:

> parent-child relationship between the child and every living parent of the child has been terminated, an original suit may not be filed by:
>
> (1) a former parent whose parent-child relationship with the child has been terminated by court order;
> . . . .
> (3) a family member or relative by blood, adoption, or marriage of either a former parent whose parent-child relationship has been terminated or of the father of the child.

*Id*. § 102.006(a). These limitations do not apply to a person who:

---

[3] We note the Department claimed the Appellants waived their issue regarding equitable estoppel in the trial court and the appellate court due to inadequate briefing. The record before the trial court and the Appellants' briefing however, clearly raises the issue before us. TEX. R. APP. P. 33.1, 38.1.

(1) has a continuing right to possession of or access to the child under an existing court order; or

(2) has the consent of the child's managing conservator, guardian, or legal custodian to bring the suit.

*Id*. § 102.006(b).  Additionally, this limitation does not apply if:

[the relative] files an original suit or a suit for modification requesting managing conservatorship of the child not later than the 90th day after the date the parent-child relationship between the child and the parent is terminated.

*Id.* § 102.006(c).

In the present case, the parental rights of the children's parents were terminated on October 18, 2007.  Although the Appellants had contact with the children through the Department, neither had continuing possession of the children under a court order.  Critical to this case, neither Appellant filed suit within ninety-days of the termination of the parental rights. Consequently, they failed to meet the statutory standing requirements unless some other exception to the limitations on standing applied.  *Id.* § 102.006.  Appellants sought adoption of the children, after the ninety-day period, but failed to obtain the consent of the managing conservator (i.e. the Department) to file an original petition for adoption.  Under a plain reading of section 102.006, the Appellants lacked standing to initiate a suit for adoption.  We turn, therefore, to their arguments regarding estoppel and wrongfully withheld consent to determine if these arguments provide the standing not found in the statute.

**ESTOPPEL**

Appellants assert that, based upon alleged representations made by the Department and the aunt's detrimental reliance thereon, the Department should be estopped from asserting lack of standing.  The Appellants' argument is two-fold—the Department not only wrongfully withheld its consent, but also waited for the ninety-day deadline to pass in order to assert lack of standing while simultaneously allowing Appellants to believe that the aunt would be allowed to adopt the

children.  *See id.* §§ 102.005, 102.006.  Appellants claim that based on the Department's actions toward the Appellants it would be unconscionable to allow the Department to maintain a position inconsistent with the one in which it acquiesced or accepted the benefit.  *See In re A.L.G.*, 229 S.W.3d 783, 786 (Tex. App.—San Antonio 2007, no pet.).

The doctrine of equitable estoppel requires: (1) a false representation or concealment of material facts; (2) made with knowledge, actual or constructive, of those facts; (3) with the intention that it should be acted on; (4) to a party without knowledge or means of obtaining knowledge of the facts; (5) who detrimentally relies on the representations.  *Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 515-16 (Tex. 1998).  "The doctrine of [equitable] estoppel precludes a party from asserting, to another's disadvantage, a right inconsistent with a position previously taken by that party.  This doctrine applies when it would be unconscionable to allow a party to maintain a position inconsistent with one in which it had acquiesced, or from which it had accepted a benefit."  *Eckland Consultants, Inc. v. Ryder, Stilwell Inc.*, 176 S.W.3d 80, 87 (Tex. App.—Houston [1st Dist.] 2004, no pet.)  (internal citations omitted).  Appellants contend that the Department's actions in encouraging the aunt to perform services and engage with the children should estop the Department from raising its lack of consent to the adoption and the ninety-day bar to the adoption.

## A.  Wrongfully Withholding Consent

Appellants couch their argument of wrongfully withholding consent in terms of estoppel—that the Department must give its consent based on its actions, and on an interpretation of two family code sections applicable to a managing conservator's consent to adoption. Alternatively, they complain that because section 102.006(b)(2) provides Appellants standing if the managing conservator consents to the original suit, the trial court erred in refusing

to hear evidence regarding their claim that the Department wrongfully withheld its consent to adoption. More specifically, Appellants assert that, as a matter of law, the trial court was mistaken in concluding that "this issue is not whether or not [the aunt would] make a good adoptive parent or if she loves the children. . . . And even as frustrated as we all are in here regarding this case, my hands are tied." To the contrary, the Appellants contend that consent cannot be withheld without good cause and should be waived by the trial court if it is in the best interests of the children.[4] We must determine whether section 102.006(b)(2) should be read in conjunction with Texas Family Code section 162.010 governing adoptions. *See* TEX. FAM. CODE ANN. § 102.006 (b)(2).

Appellants rely on *Chapman v. Home*, 561 S.W.2d 265, 267 (Tex. Civ. App.—Fort Worth 1978, no writ), for the proposition that when reviewing a petition for adoption, the trial court may consider whether the managing conservator, i.e. the Department withheld consent without cause. The *Chapman* court's analysis, however, is premised on the language of section 162.010; yet, the Family Code explicitly provides that chapter 162 is "[s]ubject to the requirements for standing to sue in Chapter 102." *See* TEX. FAM. CODE ANN. §§ 162.001, 162.010. Consequently, section 162.010's provision that the managing conservator's consent may not be refused absent good cause, does not apply until *after* the movant has established standing under Chapter 102. *Id*. §§ 102.001-.006. We presume that every word of a statute was used for a purpose, and, likewise, that every omitted word was excluded for a purpose. *See Cameron v. Terrell & Garrett, Inc.*, 618 S.W.2d 535, 540 (Tex. 1981). Unlike the language of section 162.010, section 102.006 does not require the managing conservator to consent to

---

[4] *See* TEX. FAM. CODE ANN. § 162.010 ("The court may waive the requirement of consent by the managing conservator if the court finds that the consent is being refused or has been revoked without good cause.").

adoption nor is there any requirement that a refusal to consent must be made in good faith.  *See* TEX. FAM. CODE ANN § 102.006(b)(2).

Although the present case appears to create an inequity, there simply is no statutory basis for an inquiry into the motivation of a managing conservator's refusal to consent to an adoption in section 102.006, and we cannot import section 162.010 to provide such a basis.  Moreover, the Legislature has continuously acknowledged the need for finality and permanency for the children.  *In the Interest of B.L.D.*, 113 S.W.3d 340, 353 (Tex. 2003).  In the present case, when the Department is the managing conservator, and the children still have no long term placement, the Department's refusal to give consent seems insensitive.  Yet, the statute is not limited to only the Department being the managing conservator, it applies to any managing conservator, guardian, or legal custodian.  TEX. FAM. CODE ANN. § 102.006(b).  In many cases, shortly after the child's birth, the parental rights are terminated and an adoptive child moves directly from the hospital to the home of the potential adoptive parents and/or managing conservators.  Absent any problems, the adoption becomes final six months later.  Under the Appellants' reasoning, a relative, that no one has seen or heard from since the birth of the child, could file a petition the day before the adoption becomes final and seek to adopt the child urging the managing conservator to consent to such an adoption using an implied good faith standard.  The managing conservator would be forced to defend and litigate good faith regardless of the passage of time.

This is precisely what section 102.006 is designed to prevent.  In order to warrant a hearing on the managing conservator's refusal to give consent to adopt under chapter 162, the petitioner must first establish standing under chapter 102.  *Id*. §§102.001-.006; 162.001-.010.  Because the Department was not required to give its consent and the good faith of such a

decision is irrelevant to standing, the trial court did not err in refusing to hear evidence regarding whether the Department wrongfully withheld its consent under section 102.006(b)(2). *Id*.

## B. Ninety-Day Deadline

Conflicting evidence was presented at the hearing including reference to concerns expressed in a home study and lack of completion of the family plan by the aunt. However, viewing the evidence in the light most favorable to the Appellants, as required under a motion to dismiss, there is evidence in the record that the aunt believed that she was on track to adopt the children in question, and the Department did nothing to discourage her efforts to seek possession of the children. After the Department removed the children from her possession, the aunt attempted to complete the necessary guidelines and classes set out by the Department's family plan. Additionally, there is evidence that the Department encouraged the aunt's efforts by (1) allowing the aunt to continue to visit with the children, and (2) encouraging the aunt to proceed with her family plan. The Department's encouragement continued even after the ninety-day deadline had expired.

Appellants argue that based on the Department's actions, they never suspected the Department would refuse to consent to the adoption and, therefore, Appellants saw no need to file a petition for adoption within the ninety-day period. Under these circumstances, the Appellants argue, equity demands the Department be estopped from arguing that Appellants lack standing based on the ninety-day deadline set forth in section 102.006(c). TEX. FAM. CODE ANN. § 102.006(c). This case presents issues similar to those in *In re H.G.*, 267 S.W.3d 120 (Tex. App.—San Antonio 2008, no pet.). In *H.G.*, the parental rights of the children's biological parents were terminated, and the biological maternal grandparents were named managing conservators. *Id*. at 122. The children were subsequently adopted, with the grandparents'

consent. *Id*. More than two years later, the adoptive parents filed for divorce and the grandparents filed a petition to intervene seeking grandparent access to the children. *Id*. In their petition to intervene, the grandparents argued that *but for* the adoptive parents' representations that the grandparents would be permitted on-going visitation with the children, they would not have consented to the adoption. *Id*. at 123. Thus, they argued that the adoptive parents should be estopped to deny the grandparents' standing. *Id*. Noting the severe inequities, this court reiterated that the absence of standing deprived the court of subject matter jurisdiction and equity cannot confer jurisdiction. *Id.* at 124-25.

Much like our analysis under section 102.006(b)(2), there is no requirement under section 102.006(c) that the Department notify the Appellants of either the ninety-day deadline or its intention to withhold its consent to adopt. *See Cameron*, 618 S.W.2d at 540. The legislature did not impose such a burden on the Department, and we cannot. We are extremely troubled by this case. Although Appellants sought relief via equitable estoppel, the trial court could not grant equitable relief in the face of this statutory standing provision. *See In re H.G.*, 267 S.W.3d at 126. "[W]hile equity may estop a party from relying on a mere statutory bar to recovery, it cannot confer jurisdiction where none exists." *Id*. at 124-25. The Department's actions cry out for an equitable solution for the Appellants, yet the law simply does not provide one. [5]

Accordingly, because the Appellants had neither the consent of the Department to bring the suit nor filed suit "no later than the 90th day after the date the parent-child relationship" was

---

[5] We respond briefly to the concurring opinion. This is not the first case in this context in which an inequitable result has evoked concerned criticism by members of this court. *See, e.g., In re S.L.M.*, No. 04-07-00566-CV, 2008 WL 2434160, at *2 n.2 (Tex. App.—San Antonio June 18, 2008, pet. denied) (citing concerns with legislation that extends standing only to siblings at least eighteen years of age) (mem. op.); *In re H.G.*, 267 S.W.3d 120, 126-27 (Tex. App.—San Antonio 2008, pet. denied) (Lopez, C.J., dissenting) (arguing in favor of applying equitable estoppel to prevent party who engaged in misrepresentations from depriving grandparents of access to grandchild); *In re Pensom*, 126 S.W.3d 251, 257 (Tex. App.—San Antonio 2003, orig. proceeding) (expressing regret where personal animosity of parties serves to deprive children of relationship with grandparents especially where grandmother serves as emotional link between children and recently deceased mother). For this reason, we agree with the concurring opinion that the Legislature should focus attention on the potential need for statutory changes.

terminated, the trial court did not err in upholding the Department's challenge based on lack of standing. Tex. Fam. Code Ann. § 102.006(c) (Vernon 2009).

<b>CONSTITUTIONAL ARGUMENT</b>

Appellants next argue that section 102.006 is unconstitutional under both the United States Constitution and the Texas Constitution in that it denies standing to Appellants, violating their liberty interest in "family integrity and association" without due process of law.[6] In their brief, Appellants allude to both a facial and an "as applied" constitutional challenge.

We begin our review by recognizing that when addressing the constitutionality of a statute, there is a strong presumption of validity. *See Walker v. Gutierrez*, 111 S.W.3d 56, 66 (Tex. 2003); *Barshop v. Medina County Underground Water Conservation Dist.*, 925 S.W.2d 618, 629 (Tex. 1996). Appellate courts must presume a statute is constitutional and interpret the statute whenever possible in a matter that renders it so. *FM Properties Operating Co. v. City of Austin*, 22 S.W.3d 868, 873 (Tex. 2000). Moreover, the party challenging the statute has the burden to establish the statute is unconstitutional. *See Gutierrez*, 111 S.W.3d at 66.

"To sustain a facial challenge, the challenging party must establish that the statute, by its terms, always operates unconstitutionally." *Barshop*, 925 S.W.2d at 627. In other words, the challenger must show the statute, on its face, always operates unconstitutionally. *City of Corpus Christi v. Pub. Util. Comm'n*, 51 S.W.3d 231, 240-41 (Tex. 2001) (citing *Barshop*, 925 S.W.2d at 627).

To sustain an "as applied" challenge, the party must show that the statute is unconstitutional when applied to that particular person or set of facts. *Tex. Workers' Comp. Comm'n v. Garcia*, 893 S.W.3d 504, 518 n.16 (Tex. 1995). In an "as applied" challenge, the appellant is only required to demonstrate the statute operates unconstitutionally when applied to

---

[6] We note that the only constitutional challenge raised by Appellants is a due process challenge.

the appellant's particular circumstances. *Id.*; *In re N.C.M.*, 271 S.W.3d 327, 328-29 (Tex. App.—San Antonio 2009, no pet.).

The Fourteenth Amendment of the United States Constitution guards against deprivation of life, liberty, or property by the State without due process of law. U.S. CONST. amend. XIV. Similarly, Article I, Section 19 of the Texas Constitution requires due course of law. TEX. CONST. art. I, § 19; *Perry v. Del Rio*, 67 S.W.3d 85, 92 (Tex. 2001). The phrase "due process," although incapable of precise definition, expresses the requirement of fundamental fairness. *In the Interest of B.L.D.*, 113 S.W.3d at 352. In determining what process is due or constitutionally required in a particular proceeding, we must consider three factors:

(1) the private interest affected by the proceeding or official action;

(2) the countervailing governmental interest supporting the use of the challenged proceeding; and

(3) the risk of an erroneous deprivation of that private interest due to the procedures used.

*Id.* (citing *Mathews v. Eldridge*, 424 U.S. 319, 335 (1996)). Therefore, we examine these three factors to determine whether the limitations on standing set forth in section 102.006 are constitutional.

## A. Private Interest

Looking first at the private interest in question, the United States Supreme Court has long recognized a fundamental liberty interest in parent-child relationships. *Santosky v. Kramer*, 455 U.S. 745, 753 (1982). In *Moore v. City of E. Cleveland*, 431 U.S. 494, 504-505 (1977), the Supreme Court extended the liberty interest to traditional relatives, including uncles, aunts, cousins, and grandparents under certain circumstances. In this case, the trial court did not make any determination regarding the existence or extent of the Appellants' private interest. Without

making that determination, for purposes of this opinion, we will assume that the Appellants have some private, liberty interest in their association with the children.

## B.  Countervailing Government Interest

The challenged procedure is the application of standing requirements that bar the Appellants from adopting the children.  The governmental interest is the State's interest in promoting the welfare of children and ensuring that "children's lives are not held in limbo while judicial processes crawl forward[.]"  *In re B.L.D.*, 113 S.W.3d at 353.  The goal of establishing a stable, permanent home for a child is a compelling state interest.  *In re C.E.K.*, 214 S.W.3d 492, 498 (Tex. App.—Dallas 2006, no pet.).

## C.  Risk of Erroneous Deprivation of Private Interest

Finally, we assess the risk of an erroneous deprivation of the Appellants' private interest due to the procedures set forth in section 102.006.  Section 102.006 requires a child's family member or relative by blood to file an original petition to adopt no "later than the 90th day after the date the parent-child relationship between the child and the parent is terminated." *See* TEX. FAM. CODE ANN. § 102.006.  By imposing a 90-day deadline in which a child's family member or relative by blood must file a lawsuit in order to protect his or her private interest in their relationship with the child (assuming one exists), section 102.006 does create some risk that the private interest could be erroneously deprived.

Balancing these three factors in our consideration of Appellants' facial challenge, we note that section 102.006 is not an absolute bar to a relative seeking to adopt a child related by blood.  *Id.*  If a family member or relative by blood files the original suit to adopt within ninety-days, he or she will have standing.  Thus, section 102.006 would not always operate unconstitutionally because in some cases the 90-day deadline would be met.  Moreover,

imposing the 90-day deadline furthers the compelling governmental interest of providing stability for the child. Accordingly, we hold Appellants' facial challenge to section 102.006 is without merit.

Turning to Appellants' "as applied" challenge, Appellants claim the 90-day deadline operates unconstitutionally in their particular circumstances because they were not given specific notice by the Department that they had ninety days to file their original suit to adopt after the parental rights of the children's parents were terminated. The inherent problem in Appellants' argument, however, is that section 102.006 is published law. TEX. FAM. CODE ANN. § 102.006. "The rule is too elementary to require the citation of authority that all persons are conclusively presumed to know the law." *E.H. Stafford Mfg. Co. v. Wichita Sch. Supply Co.*, 118 Tex. 650, 655, 23 S.W.2d 695, 697 (1930); *see also Greater Houston Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 n.3 (Tex. 1990). In this case, Appellants had notice that the children were removed and an opportunity to be heard regarding their removal. In order to satisfy due process, the Department was not, however, required to advise Appellants regarding the applicable law by providing specific notice of the 90-day deadline.[7] Therefore, Appellants' "as applied" challenge to the constitutionality of section 102.006 fails.

## CONCLUSION

Because neither section 102.005 or 102.006 confer standing on either the aunt or the grandmother, the Appellants do not have standing to bring the petition for adoption or managing conservatorship. Equity cannot provide standing where none exists despite the difficult circumstances in this case. Additionally, the Appellants have failed to show that section 102.006

---

[7] Although the result in this case may seem harsh, we are not at liberty to impose upon the Department a requirement to provide notice of statutory time periods to family members.

is unconstitutional, either facially or as applied.  Accordingly, we affirm the judgment of the trial court.

Rebecca Simmons, Justice