

**NUMBER 13-09-00305-CV**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

### IN THE INTEREST OF M.G. AND P.G., CHILDREN

**On appeal from the County Court at Law
of Kleberg County, Texas.**

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Yañez and Garza
Memorandum Opinion by Chief Justice Valdez**

Appellants, Delia and Emiliano Garza, appeal from the trial court's dismissal of their suit seeking adoption of their great-grandchildren. Dismissal was predicated on the trial court's determination that the Garzas did not have standing under Texas Family Code section 102.006. *See* TEX. FAM. CODE ANN. § 102.006 (Vernon 2008). By their sole issue, the Garzas contend that their relationship to the children gives them standing to bring suit. We affirm.

## I. BACKGROUND

On May 28, 2008, the trial court entered an order terminating the parental rights of M.G. and P.G.'s biological parents and appointing the Texas Department of Family and Protective Services ("the Department") as permanent managing conservators of the children.[1]  On June 4, 2008, the children's maternal great-grandparents, the Garzas, filed their "Original Petition in Suit Affecting the Parent-Child Relationship" requesting that the court appoint them as temporary joint managing conservators.[2]  After conducting a hearing on the Garzas's petition, the trial court found that the Garzas lacked standing to sue because they failed to establish that the children's present circumstances would impair their physical health or emotional development.  On September 19, 2008, the trial court entered an order dismissing the Garzas's petition without prejudice.

On November 21, 2008, the Garzas filed a document entitled  "Amended Petition for Adoption of Children," in which they sought to gain managing conservatorship and adopt the children.  At the hearing on the petition, the Garzas explained to the trial court that they were proceeding under section 102.005 of the family code, which sets forth who

---

[1] To protect the privacy of the minor children, we refer to them by their initials.  *See* TEX. FAM. CODE ANN. § 109.002(d) (Vernon 2008); TEX. R. APP. P. 9.8(b)(2).

[2] The substance of the petition, as well as the substance of the hearing, pertained to section 102.004 of the family code.  *See* TEX. FAM. CODE ANN. § 102.004 (Vernon Supp. 2009).  Section 102.004 sets forth who may file an original suit requesting managing conservatorship.  *Id.*  Specifically, section 102.004 provides:

> (a) . . . [A] grandparent, or another relative of the child related within the third degree by consanguinity, may file an original suit requesting managing conservatorship if there is satisfactory proof to the court that:
>
>> (1) the order requested is necessary because the child's present circumstances would significantly impair the child's physical health or emotional development . . . .

*Id.*

may file an original suit requesting an adoption. *See id.* § 102.005 (Vernon Supp. 2009).[3]
The trial court heard evidence on whether the Garzas had engaged in substantial past contact with the children. After expressing concern that the Garzas' relationship as great-grandparents to the children precluded them from filing an original suit requesting adoption, the trial court requested that the parties submit briefing discussing whether the limitations on standing set forth in section 102.006 of the family code applied to great-grandparents. *See id.* § 102.006.

On February 18, 2009, the trial court dismissed the Garzas' petition in an order stating that the Garzas lacked "standing under [section] 102.005 of the Texas Family Code because [the Garzas] as great[-]grandparents are excluded from filing for standing under [section] 102.006(c) of the Texas Family Code." The Garzas filed a motion for new trial that was subsequently denied. This appeal ensued.

## II. STANDING

By their sole issue, the Garzas contend that the trial court erred in dismissing their petition for adoption because their standing under section 102.005 of the family code is not limited by section 102.006.

### A. Standard of Review

Because standing is a component of subject matter jurisdiction, we review a trial court's dismissal for lack of standing de novo. *See Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993). We take the factual allegations in the petition as

---

[3] Section 102.005 provides that an original suit requesting an adoption may be filed by an "adult who the court determines to have had substantial past contact with the child sufficient to warrant standing to do so." *Id.* § 102.005(5) (Vernon Supp. 2009).

true and construe them in favor of the pleader. *Id.*

## B. Applicable Law

Section 102.005 of the Texas Family Code details the standing requirements for a person filing a petition for adoption. *See* TEX. FAM. CODE ANN. § 102.005. Although an original suit requesting adoption may be filed by an "adult whom the court determines to have had substantial past contact with the child sufficient to warrant standing to do so," *id.*, Texas Family Code section 102.006(a) limits standing where the parent-child relationship has been terminated. *See id.* § 102.006(a). Generally, relatives of terminated parents do not have standing to file an original suit concerning the child. *Id.* § 102.006(a)(3). However, section 102.006(c) provides the following exception to this limitation:

> The limitations on filing suit imposed by this section do not apply to . . . a grandparent of the child . . . if the . . . grandparent . . . files an original suit or a suit for modification requesting managing conservatorship of the child not later than the 90th day after the date the parent-child relationship between the child and the parent is terminated in a suit filed by the Department of Family and Protective Services requesting the termination of the parent-child relationship.

*Id.* § 102.006(c).

## C. Analysis

The Garzas assert that the term "grandparents" as used in section 102.006(c) includes great-grandparents. However, the Department contends that the Garzas do not have standing because: (1) "[s]ub-section 102.006(c) expressly exempts grandparents, not great-grandparents, from the limitations on standing in section 102.006[(a)]"; and (2) the Garzas failed to file their petition for adoption of the children "within ninety days of the date the trial court terminated the parental rights of the subject children's biological

parents."  As a threshold issue, we determine whether the Garzas timely filed their petition for adoption.  *See* TEX. FAM. CODE ANN. § 102.006(c); *see also In re A.M.*, No. 04-09-00069-CV, 2010 Tex. App. LEXIS 1250, at **9-10 (Tex. App.–San Antonio Feb. 24, 2010, pet. filed).

The parental rights of the children's parents were terminated on May 28, 2008.  The Garzas filed an "Original Petition in Suit Affecting the Parent-Child Relationship" on June 4, 2008, in which they sought joint managing conservatorship of the children.  Although this suit was filed well within the ninety-day statutory period set out in section 102.006(c), the trial court dismissed the suit without prejudice on September 19, 2008, after finding that the Garzas lacked standing because they were unable to prove that the children's present circumstances would significantly impair the children's health or emotional development.

If the statute of limitations has not run, a dismissal without prejudice does not prevent a plaintiff from refiling an action, *see Webb v. Jorns*, 488 S.W.2d 407, 409 (Tex. 1972); however, a dismissal without prejudice does not toll the statute of limitations.  *See Cronen v. City of Pasadena*, 835 S.W.2d 206, 210 (Tex. App.–Houston [1st Dist.] 1992, no writ), *disapproved on other grounds by Lewis v. Blake*, 876 S.W.2d 314, 315 (Tex. 1994).  Thus, assuming, without deciding, that section 102.006(c) applies to great-grandparents, the Garzas were not precluded from refiling an action to obtain permanent managing conservatorship or to adopt their great-grandchildren as long as the new action was filed within the statutorily mandated ninety-day time frame after the children's parents' rights were terminated.  *See id.*

On November 21, 2008, the Garzas filed a petition entitled "Amended Petition for

5

Adoption of Children," in which they sought, for the first time, to adopt their great-grandchildren. Through this petition, the Garzas sought to establish standing to file suit to adopt, rather than serve as managing conservators of their great-grandchildren.[4] Because we look to the substance of a petition and not its title to determine its effect, *see Surgitek v. Abel*, 997 S.W.2d 598, 601 (Tex. 1999); *Sossi v. Willette & Guerra, LLP*, 139 S.W.3d 85, 89 (Tex. App.–Corpus Christi 2004, no pet.), we conclude that the Garzas' November 21, 2008 petition constitutes an original petition, rather than an "amended" petition. *See* TEX. FAM. CODE ANN. §§ 102.004 (discussing who may file an original suit requesting managing conservatorship), 102.005 (discussing who may file an original suit requesting adoption). As previously noted, assuming section 102.006(c) applies to them, the Garzas were entitled to file an original petition seeking adoption not later than the ninetieth day after the date the parent-child relationship between the child and biological parent was terminated. Because their petition for adoption was filed almost six months after the termination of the parent-child relationship, the filing of the Garzas' petition fell outside of the ninety-day time period set forth in section 102.006(c). *See* TEX. FAM. CODE ANN. § 102.006(c). Under a plain reading of the statute, the Garzas lacked standing to initiate a suit for adoption by filing after the ninetieth day after the date of parental termination. *See id.*; *see also In re A.M.*, 2010 Tex. App. LEXIS 1250, at **10-11 (noting that maternal aunt

---

[4] Adoption and permanent managing conservatorship are two alternatives that may be pursued by a person who wishes to provide a permanent home for a child. *See* Adoption or Permanent Managing Conservatorship, http://www.dfps.state.tx.us/child_protection/adoption/pmc.asp (last visited June 22, 2010). Adoption "provides the greatest legal protection because it gives a child a new family with the same legal standing as a birth family." *Id.* "When someone other than a parent is named as [permanent managing conservator] for a child, he or she is given certain rights and duties regarding the child." *Id.* A permanent managing conservator's rights and duties are determined by court order, *see id.*, and section 153.371 of the Texas Family Code. *See* TEX. FAM. CODE ANN. § 153.371 (Vernon 2008).

and maternal grandmother failed to meet the statutory standing requirements of 102.006(c) where they sought adoption of the subject children more than ninety days after termination of the parent-child relationship).  We overrule the Garzas' sole issue.[5]

### III. Conclusion

We affirm the judgment of the trial court.

_____
ROGELIO VALDEZ,
Chief Justice

Delivered and filed the
15th day of July, 2010.

---

[5] Having determined that the Garzas lacked standing by filing suit later than the ninetieth day after the parent-child relationship was terminated, we need not determine whether the Garzas' status as great-grandparents precluded them from initiating a suit for adoption. *See* TEX. R. APP. P. 47.1.