Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio





# MEMORANDUM OPINION

No. 04-11-00095-CV

In the **INTEREST OF R.M.H.**, A Child

From the 216th Judicial District Court, Bandera County, Texas
Trial Court No. FL-09-441
The Honorable Cathy O. Morris, Judge Presiding

Opinion by:     Steven C. Hilbig, Justice

Sitting:         Karen Angelini, Justice
                  Steven C. Hilbig, Justice
                  Marialyn Barnard, Justice

Delivered and Filed:   August 3, 2011

AFFIRMED

Steven H. and Lisa C. appeal the trial court's order terminating their parental rights to the child R.M.H. We affirm.

## BACKGROUND

The trial court terminated Steven and Lisa's parental rights after a trial to the bench. The court found by clear and convincing evidence that: (1) termination of the parent-child relationship was in R.M.H.'s best interest; (2) Steven and Lisa knowingly placed or knowingly allowed R.M.H. to remain in conditions or surroundings that endangered her physical or emotional well-being; and (3) Steven and Lisa engaged in conduct or knowingly placed R.M.H. with persons who engaged in conduct that endangered her physical or emotional well-being. *See*

TEX. FAM. CODE ANN. § 161.001(1)(D), (E); (2) (West Supp. 2010). Steven and Lisa each filed an affidavit of indigence, a motion for new trial, and a statement of appellate points. *See id.* § 263.405(b) (West 2008). In their statements of appellate points, they challenged the legal and factual sufficiency of the evidence to support each of the trial court's three key fact findings and specifically challenged the legal and factual sufficiency of the evidence showing that the child was ever unsupervised, malnourished, mistreated, or deprived of food, clothing, shelter, or necessary medical care; that she was ever left with persons who were likely to mistreat her; or that she was ever supervised by a person under the influence of drugs or alcohol. Appellants further alleged that the conditions in which the child was living prior to her removal were temporary and a result of appellants' indigence, and the evidence is factually and legally insufficient to show that termination was due to circumstances other than the appellants' indigence. In addition, appellants contended the trial court failed to give adequate weight to their efforts to alleviate the conditions that caused the initial removal of the child, and argued that the testimony of the petitioner's expert should be given no weight because it was unreliable. Finally, appellants asserted that section 263.405 of the Texas Family Code is unconstitutional both on its face and as applied to them.

The trial court held a post-judgment hearing pursuant to section 263.405(d) of the Family Code, at which appellants were each represented by their trial attorney. The trial court took judicial notice of all the documents in the court's file at the time of the hearing. The attorney for the petitioner, the Texas Department of Family and Protective Services, summarized the evidence presented at trial that supported the trial court's findings. The Department also called three witnesses to testify: Shauna Wickham, the therapist for both parents throughout the case; Lynn Kaska, the court appointed special advocate in the case; and Sharra Cantu, a Department

caseworker. Each of the witnesses summarized trial testimony, stated their opinions that the parents posed a continued risk to R.M.H.'s safety and their recommendations that the child not be reunified with the parents, and summarized the reasons for their opinions and recommendations. In addition, the Department introduced into evidence Wickham's therapy notes, Kaska's written responses to a questionnaire about her observations and opinions with respect to reunification, documents from Kansas relating to termination proceedings involving two of Steven and Lisa's other children, and Cantu's affidavit summarizing all of the Department's evidence at trial. Appellants briefly cross-examined the witnesses, but did not object to any of their testimony or exhibits.

Steven and Lisa argued that the Department witnesses recommended termination on the basis of their subjective opinion alone and did not use any objective criteria. They also asserted there was trial evidence that they had worked hard for unification and completed much of their parenting plans. They did not present any other evidence or summaries of the trial evidence. Moreover, they did not present any argument directly addressing any of their proposed appellate points.

The trial court found Lisa and Steven indigent, denied their motion for new trial, found their appellate points frivolous, and appointed them new counsel for the appeal. *See id.* § 263.405(d). The court reporter filed a record of the post-judgment evidentiary hearing, and we ordered appellants to file a brief on the issue of whether the trial court abused its discretion in finding their appellate points frivolous. *See id.* § 263.405(g). Appellants filed a brief raising two issues. In the first issue, they contend section 263.405(i) of the Texas Family Code is unconstitutional, both facially and as applied. In the second issue appellants assert the record of

the hearing on the motion for new trial is insufficient and a full record of the trial is required to determine whether the trial court abused its discretion in finding the appellate points frivolous.

## CONSTITUTIONALITY

Appellants initially contend that section 263.405(i) of the Texas Family Code is unconstitutional. That section provides:

> The appellate court may not consider any issue that was not specifically presented to the trial court in a timely filed statement of the points on which the party intends to appeal or in a statement combined with a motion for new trial. For purposes of this subsection, a claim that a judicial decision is contrary to the evidence or that the evidence is factually or legally insufficient is not sufficiently specific to preserve an issue for appeal.

TEX. FAM. CODE ANN. § 263.405(i) (West 2008). Appellants broadly assert that the section is unconstitutional both on its face and as applied to them because it violates the due process and equal protection clauses of the Texas and United States Constitutions. However, the only specific argument appellants make is that the second sentence of section 263.405(i) "arbitrarily remov[es] a right that other litigants have in other appeals, which is to challenge the legal and factual sufficiency of the evidence on appeal." They contend that "[i]f Appellants were involved in any other type of civil appeal, their complaints would be deemed to be sufficiently preserved to raise the [sufficiency] issue on appeal," and "the Legislature has completely abridged Appellants' right to assert cognizable issues on appeal (sufficiency of the evidence) that Appellants would otherwise have the right to present were this any other type of appeal."

Appellants' argument appears to presume that subsection (i) precludes all appellate challenges to the legal and factual sufficiency of the evidence supporting a termination order. This is incorrect. The subsection provides only "that a general allegation that the evidence is legally or factually insufficient to support termination will not preserve the issue for appellate review." *In re J.S.*, 291 S.W.3d 60, 64 (Tex. App.—Eastland 2009, no pet.). "'[S]pecific,

nonglobal claims' of insufficiency set out in a statement of points are not precluded from review." *Id.* (quoting *In re S.K.A.*, 236 S.W.3d 875, 899 (Tex. App.—Texarkana 2007, pet. denied)); *see In re A.J.H.*, 205 S.W.3d 79, 80 (Tex. App.—Fort Worth 2006, no pet.) (holding appellate point that referred to specific statutory grounds for which evidence was alleged to be insufficient preserved issue for review). Here, appellants' statements of appellate points contained specific and detailed challenges to the sufficiency of the evidence, and were sufficient to preserve the issues for appellate review. Because section 263.409(i) did not preclude Steve and Lisa from raising their sufficiency of the evidence issues on appeal, their due process and equal protection challenges to the statute fail.

Appellants also appear to contend that the requirement in subsection (i) that all appellate points be presented in the statement of appellate points in order to be preserved for appeal is unconstitutional. To prevail on a claim of facial unconstitutionality, appellants must show the statute is unconstitutional in all its applications, and must first show it is unconstitutional as applied to them. *Santikos v. State*, 836 S.W.2d 631, 633 (Tex. Crim. App. 1992); *In re D.J.R.*, 319 S.W.3d 759, 764-65 (Tex. App.—El Paso 2010, pet. denied). Appellants do not allege there are any meritorious issues they are precluded from raising on appeal because of the application of subsection (i), and thus have not shown that the statute has been unconstitutionally applied to them. *See In re D.R.*, 319 S.W.3d at 765 ("because D.R. has not alleged there were other complaints he would have raised but for the restrictions of Section 263.405(b) and (i), he has not demonstrated the statute operated to deprive him of his rights to due process"). With respect to the facial challenge, appellants merely assert that a competent appellate attorney can only determine whether there are arguable points to present on appeal after a careful review of the trial record. We have previously held this argument insufficient to show the facial

unconstitutionality of section 263.405(i). *See In re N.C.M.*, 271 S.W.3d 327, 328-29 (Tex. App.—San Antonio 2008, no pet.). We conclude appellants have not shown section 263.405(i) is unconstitutional, either on its face or as applied to them.

## FULL RECORD

Appellants' second issue asserts this court should abate the appeal and order a full record of the trial be prepared before deciding whether the trial court abused its discretion in finding the appellate points frivolous. The trial court found all of Steve's and Lisa's appellate points frivolous. However, the only finding they specifically challenge on appeal is the trial court's finding that their claim section 263.405(i) is unconstitutional was frivolous. A reporter's record of the trial is unnecessary to dispose of that issue. Appellants do not argue the trial court abused its discretion in finding any of their other appellate points are frivolous. Appellants merely assert that the record of the section 263.405 hearing "is insufficient to determine whether the trial court abused its discretion in determining that Appellant's [sic] appeal is frivolous." Appellants do not identify any particular issues for which they believe a full record is needed. They present no argument as to why the fairly extensive record made at the hearing on the motion for new trial would be insufficient to review and decide whether the trial court abused its discretion. Under these circumstances, we decline to order a full record of the trial and we affirm the judgment of the trial court.

Steven C. Hilbig, Justice