# CONCURRING OPINION

No. 04-12-00116-CV

**IN THE INTEREST OF J.C.**, a Child

From the 150th Judicial District Court, Bexar County, Texas
Trial Court No. 2011-PA-01561
Honorable Solomon Casseb, III, Judge Presiding

Opinion by: Karen Angelini, Justice
Concurring opinion by: Phylis J. Speedlin, Justice

Sitting:       Karen Angelini, Justice
              Phylis J. Speedlin, Justice
              Steven C. Hilbig, Justice

Delivered and Filed: August 31, 2012

I concur in the judgment, but write separately because I am troubled by the circumstances these grandparents find themselves in with respect to their inability to establish standing to seek adoption of their grandchild. As the majority has noted, section 102.005 is the general statute governing standing to file an original suit for adoption of a child. TEX. FAM. CODE ANN. § 102.005 (West Supp. 2012). Subsection (5) requires an adult without actual possession of the child to establish "substantial past contact" with the child in order to have standing to sue for adoption. *Id.* § 102.005(5). Section 102.006 then sets forth three limitations on who has standing to request adoption in cases in which all parental rights have been terminated. *Id.* § 102.006 (West 2008). For example, subsection (a)(3) of section 102.006 prohibits a relative of either parent whose rights have been terminated, i.e., the grandparents in this case, from filing an adoption suit. *Id.* § 102.006(a)(3). Subsection (c), in turn, creates an exception to (a)(3)'s limitation for grandparents, among other relatives, who file an original suit or modification requesting managing conservatorship of the child no later than 90 days after the date of parental termination if the Department filed the termination suit. *Id.* § 102.006(c). Thus, the statutory

structure consists of general standing requirements, with limitations on standing applicable to any parental termination case, and a specific exception to such limitations if the parental termination suit was filed by the Department.

At the evidentiary hearing on the foster parents' motion to dismiss the grandparents' adoption suit, both grandparents testified. The grandmother testified she visited J.C. at the hospital on approximately six occasions. The evidence showed that J.C., who was born premature, remained in the hospital for four to seven weeks after birth; after the Department initiated termination proceedings against J.C.'s parents, J.C. was placed with foster-adopt parents on November 1, 2010. Both the grandmother and grandfather sought to determine where J.C. had been taken, but the Department would not provide any information because their son's parental rights had not yet been terminated. Once his parental rights were terminated in June 2011, the grandparents filed suit to adopt J.C. and the Department thereafter allowed them one hour of supervised visitation with J.C. twice a month, i.e., two hours per month. The grandparents fully exercised their visitation rights, and there was no inappropriate interaction reported. At the conclusion of the hearing, the trial court found that the paternal grandparents failed to establish "substantial past contact" with J.C. and thus did not satisfy section 102.005(5), the only general standing provision that applies in this situation. However, the trial court found that the grandparents did satisfy section 102.006(c) by filing their petition for adoption within the 90-day timeframe, and thus had standing to sue for adoption of J.C.

The majority opinion concludes that section 102.006(c) does not separately confer standing in the absence of compliance with one of the subsections of the general standing statute, section 102.005; therefore, because the grandparents failed to satisfy section 102.005, the grandparents lack standing and their suit for adoption must be dismissed. Based on the structure

of the two statutes, when read together, I agree with the majority's interpretation. I am troubled, however, by the inequitable position in which such statutory interpretation places these grandparents – unable to show "substantial past contact" with their grandchild because the Department removed the child from her birth parents shortly after birth and severely restricted access by the grandparents. In situations like this where the Department removes an infant and terminates parental rights, restricting grandparent access during the process, it is practically impossible, absent the Department's approval, for a grandparent to establish substantial past contact sufficient to satisfy section 102.005(5) and attain standing to sue for adoption of the grandchild, even if they comply with section 102.006(c). It seems unlikely that the legislature intended this harsh result, or intended to give the Department such unchecked authority. *Cf. In re A.M.*, 312 S.W.3d 76, 89 (Tex. App.—San Antonio 2010, pet. denied) (Marion, J., concurring).

As the United States Supreme Court has recognized, there is a fundamental liberty interest in the parent-child relationship that extends to grandparents, as well as other traditional relatives, under certain circumstances. *See Moore v. City of E. Cleveland*, 431 U.S. 494, 504-05 (1977); *see also Santosky v. Kramer*, 455 U.S. 745, 753 (1982). In construing the applicable standing requirements for adoption, we must strike a balance between the State's legitimate interest in promoting the welfare of the child by establishing a stable permanent home and the private liberty interest of a grandparent or other relative seeking to provide such a home to the child. *See In re A.M.*, 312 S.W.3d at 87. Given the statutory construction mandated by the structure of sections 102.005 and 102.006, and the inequitable result reached in this case, I respectfully urge our legislature to clarify the interplay between section 102.006(c)'s exception and section 102.005(5)'s general standing requirement of "substantial past contact" in situations

such as this one where the child is removed by the Department shortly after birth and relatives'

access is restricted.


Phylis J. Speedlin, Justice