Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio



★ ★ ★ ★ ★ ★ ★



# OPINION

No. 04-12-00116-CV

**IN THE INTEREST OF J.C.**, a Child

From the 150th Judicial District Court, Bexar County, Texas
Trial Court No. 2011-PA-01561
Honorable Solomon Casseb, III, Judge Presiding

Opinion by:     Karen Angelini, Justice
Concurring Opinion by:  Phylis J. Speedlin, Justice
Concurring Opinion by:  Steven C. Hilbig, Justice

Sitting:        Karen Angelini, Justice
                Phylis J. Speedlin, Justice
                Steven C. Hilbig, Justice

Delivered and Filed:  August 31, 2012

REVERSED AND RENDERED

Appellants, the foster parents of J.C., appeal the trial court's order denying their motion to dismiss for lack of standing the paternal grandparents' petition to adopt J.C. We reverse the trial court's order and render judgment dismissing the paternal grandparents' suit for lack of standing.

## BACKGROUND

J.C., who was born three months premature on September 4, 2010,[1] was removed from her parents' care and placed into the care of the Texas Department of Family and Protective

---

[1] Both petitions for adoption allege that J.C. was born on September 3, 2010. At the hearing, there was testimony that she was born on September 4, 2010.

Services ("the Department"). She remained in the hospital for the next two months. On November 1, 2010, J.C. left the hospital and was placed with her foster parents with whom she has remained since. After the parental rights of J.C.'s natural parents were terminated, both J.C.'s foster parents and her paternal grandparents filed in separate causes of action original petitions for adoption. The two petitions for adoption were then consolidated, and on November 4, 2011, J.C.'s foster parents filed a motion to dismiss the paternal grandparents' adoption suit for lack of standing, arguing the paternal grandparents failed to meet the standing requirements of section 102.005 of the Texas Family Code. On February 15, 2012, after an evidentiary hearing at which the paternal grandparents testified, the trial court found that the paternal grandparents had failed to establish substantial past contact with J.C. sufficient to confer standing under section 102.005(5). Nevertheless, the trial court found that the paternal grandparents had standing to file a petition for adoption of J.C. pursuant to section 102.006(c). Therefore, the trial court denied the foster parents' motion to dismiss. The foster parents then brought this interlocutory appeal, pursuant to former section 51.014(d) of the Texas Civil Practice and Remedies Code.

## DISCUSSION

On appeal, the foster parents argue the trial court erred in holding the paternal grandparents have standing pursuant to section 102.006(c) of the Family Code. They argue standing to file an original petition for adoption must be established pursuant to section 102.005 and that section 102.006 does not confer standing itself but instead limits those who would otherwise qualify for standing under section 102.005. Thus, they argue the trial court erred in finding that the paternal grandparents failed to meet the requirements of section 102.005 but nonetheless finding standing existed pursuant to section 102.006. We agree with the foster parents.

Section 102.005, titled "Standing to Request Termination and Adoption," provides the following:

> An original suit requesting only an adoption or for termination of the parent-child relationship joined with a petition for adoption may be filed by:
>
> (1) a stepparent of the child;
> (2) an adult who, as the result of a placement for adoption, has had actual possession and control of the child at any time during the 30-day period preceding the filing of the petition;
> (3) an adult who has had actual possession and control of the child for not less than two months during the three-month period preceding the filing of the petition;
> (4) an adult who has adopted, or is the foster parent of and has petitioned to adopt, a sibling of the child; or
> (5) another adult whom the court determines to have had substantial past contact with the child sufficient to warrant standing to do so.

TEX. FAM. CODE ANN. § 102.005 (West Supp. 2012). Section 102.006, titled "Limitations on Standing," provides the following:

> (a) Except as provided by Subsections (b) and (c), if the parent-child relationship between the child and every living parent of the child has been terminated, an original suit may not be filed by:
>     (1) a former parent whose parent-child relationship with the child has been terminated by court order;
>     (2) the father of the child; or
>     (3) a family member or relative by blood, adoption, or marriage of either a former parent whose parent-child relationship has been terminated or of the father of the child.
> (b) The limitations on filing suit imposed by this section do not apply to a person who:
>     (1) has a continuing right to possession of or access to the child under an existing court order; or
>     (2) has the consent of the child's managing conservator, guardian, or legal custodian to bring the suit.
> (c) The limitations on filing suit imposed by this section do not apply to an adult sibling of the child, a grandparent of the child, an aunt who is a sister of a parent of the child, or an uncle who is a brother of a parent of the child if the adult sibling, grandparent, aunt, or uncle files an original suit or a suit for modification requesting managing conservatorship of the child not later than the 90th day after the date the parent-child relationship between the child and the parent is terminated in a suit filed by the Department of Family and Protective Services requesting the termination of the parent-child relationship.

TEX. FAM. CODE ANN. § 102.006 (West 2008). Here, although the trial court found that the paternal grandparents had not established sufficient substantial past contact with J.C. to confer standing pursuant to section 102.005(5), it nonetheless held that the paternal grandparents had standing to bring their adoption suit pursuant to section 102.006(c). Thus, we must determine whether section 102.006(c), in and of itself, can confer standing.

Standing is a component of subject-matter jurisdiction and is a constitutional prerequisite to maintaining a lawsuit under Texas law. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443-44 (Tex. 1993). The Texas Legislature has provided a comprehensive statutory framework for standing in the context of suits involving the parent-child relationship. *In re H.G.*, 267 S.W.3d 120, 124 (Tex. App.—San Antonio 2008, pet. denied). When standing to bring a particular type of lawsuit has been conferred by statute, we use that statutory framework to analyze whether the petition has been filed by a proper party. *Jasek v. Tex. Dep't of Family & Protective Servs.*, 348 S.W.3d 523, 528 (Tex. App.—Austin 2011, no pet.). The party seeking relief must allege and establish standing within the parameters of the statutory language. *Jasek*, 348 S.W.3d at 528; *In re H.G.*, 267 S.W.3d at 123.

To the extent that the issue in this appeal turns on the construction of relevant statutes, we apply a de novo standard of review. *Jasek*, 348 S.W.3d at 528. Our primary objective in statutory construction is to give effect to the Legislature's intent. *See Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 437 (Tex. 2009) (op. on reh'g). "Where text is clear, text is determinative of that intent." *Id.* "This general rule applies unless enforcing the plain language of the statute as written would produce absurd results." *Id.* "Therefore, our practice when construing a statute is to recognize that the words the Legislature chooses should be the surest guide to legislative intent." *Id.* (quotation omitted). "Only when those words are ambiguous do we resort to rules of

construction or extrinsic aids." *Id.* Further, in considering the plain language of the text, we look at the words in context, not in isolation. *State v. Gonzalez*, 82 S.W.3d 322, 327 (Tex. 2002). We also presume that the Legislature was aware of the background law and acted with reference to it. *Jasek*, 348 S.W.3d at 528-29. We further presume that the Legislature selected statutory words, phrases, and expressions deliberately and purposefully. *Id.* Thus, for purposes of this appeal, we must look at the plain language of sections 102.005 and 102.006, and consider how these sections work together in context of the entire statutory scheme.

Section 102.005 details the standing requirements for a person filing a petition for adoption. *See* TEX. FAM. CODE ANN. § 102.005 (West Supp. 2012). Section 102.006 then limits standing where the parent-child relationship has been terminated. *See id.* § 102.006 (West 2008). For example, pursuant to section 102.005(5), an "adult whom the court determines to have had substantial past contact with the child sufficient to warrant standing" may file an original suit requesting adoption. *Id.* § 102.005(5) (West Supp. 2012). However, if the parent-child relationship between the child and every living parent of the child has been terminated and if the adult seeking the adoption is a family member of either former parent, then section 102.006 provides that the relative seeking adoption will not have standing to file the adoption suit. *See id.* § 102.006(a)(3) (West 2008) ("Except as provided by subsections (b) and (c), if the parent-child relationship between the child and every living parent of the child has been terminated, an original suit may not be filed by: . . . (3) a family member or relative by blood, adoption, or marriage of either a former parent whose parent-child relationship has been terminated or of the father of the child."). Thus, if a party has standing under section 102.005, the party may be prohibited from having standing to file an original petition pursuant to section 102.006. There are, however, exceptions to this limitation found in subsections (b) and (c) of section 102.006.

According to subsection (b), the "limitations on filing suit imposed by this section do not apply to a person who: (1) has a continuing right to possession of or access to the child under an existing court order; or (2) has the consent of the child's managing conservator, guardian, or legal custodian to bring the suit." *Id.* § 102.006(b). Similarly, subsection (c) provides that the

> limitations on filing suit imposed by this section do not apply to an adult sibling of the child, a grandparent of the child, an aunt who is a sister of a parent of the child, or an uncle who is a brother of a parent of the child if the adult sibling, grandparent, aunt, or uncle files an original suit or a suit for modification requesting managing conservatorship of the child not later than the 90th day after the date the parent-child relationship between the child and the parent is terminated in a suit filed by the Department of Family and Protective Services requesting the termination of the parent-child relationship.

*Id.* § 102.006(c).

In reviewing the plain text of sections 102.005 and 102.006, we agree with J.C.'s foster parents that in order for a party to have standing to bring an original petition for adoption, the party must first meet the standing requirements of section 102.005. Section 102.006 does not confer standing, but instead limits which parties have standing to file a petition for adoption pursuant to section 102.005.[2] *See In re A.M.*, 312 S.W.3d 76, 81 (Tex. App.—San Antonio 2010, pet. denied) (explaining that section 102.005 details the standing requirements for a person filing a petition for adoption and section 102.006 "limits the standing of particular individuals in cases where an original suit is filed and the parents' rights were previously terminated"); *In re C.M.C.*, 192 S.W.3d 866, 873 (Tex. App.—Texarkana 2006, no pet.) (explaining that "[s]ection 102.006 merely bars certain parties from filing suit who would otherwise have standing to file the suit" and holding that because the maternal grandparents lacked standing under section 102.005, there was "no need to decide whether section 102.006 prohibited [them] from filing an original petition for adoption"); *In re M.G.*, No. 13-09-00305-CV, 2010 WL 2776566, at *2 (Tex. App.—

---

[2] We are not suggesting that section 102.006 limits standing only with respect to section 102.005.

Corpus Christi 2010, no pet.) (explaining that although an adult whom the court determines has had substantial past contact with the child has standing to file an original suit requesting adoption pursuant to section 102.005(5), "section 102.006 limits standing where the parent-child relationship has been terminated"). Therefore, the trial court erred in finding that the paternal grandparents did not meet the requirements of section 102.005 but nonetheless had standing to bring their original petition for adoption pursuant to section 102.006(c).[3] And, because the trial court has found that the paternal grandparents did not meet the requirements of section 102.005, a finding which has not been appealed, we reverse the order of the trial court and render judgment that the paternal grandparents' suit for adoption of J.C. be dismissed for lack of jurisdiction.[4]

Karen Angelini, Justice

---

[3] We note that although the paternal grandparents have not filed an appellees' brief, the Department has filed a brief, which does not take a position on whether the paternal grandparents have standing but nonetheless requests we consider whether they do pursuant to sections 102.003, 102.004, and 153.432 of the Texas Family Code. After reviewing the statutes, the clerk's record, and the reporter's record of the evidentiary hearing, we conclude that the paternal grandparents do not have standing pursuant to these statutes.

[4] Although the only issue presented in this appeal is one of pure statutory construction, I am also sensitive to the concerns expressed in the concurring opinions.