# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00348-CV

**L. H., Appellant**

v.

**Texas Department of Family and Protective Services, Appellee**

**FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 340TH JUDICIAL DISTRICT
NO. C-11-0095-CPS, HONORABLE JAY K. WEATHERBY, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

L.H., who is the maternal grandmother of B.M.R. and E.N.W., appeals from the trial court's order of dismissal granting the plea to the jurisdiction of appellee Texas Department of Family and Protective Services (the Department).[1]  For the reasons that follow, we affirm the trial court's order.

## BACKGROUND

The Department filed its original petition in December 2011 seeking to terminate the parental rights of the parents of B.M.R. and E.N.W.  Shortly after the Department filed its petition, L.H. intervened in the suit.  The parents, however, eventually filed affidavits of relinquishment of

---

[1] We refer to appellant and her grandchildren by their initials only. *See* Tex. Fam. Code § 109.002(d); Tex. R. App. P. 9.8.

parental rights, L.H. nonsuited her petition in intervention, and the trial court signed a final decree terminating parental rights in January 2013. L.H. was not a party to the final decree.

Within 90 days of the trial court's final decree, L.H. filed at least two amended petitions to modify the parent-child relationship, seeking managing conservatorship of the children. She alleged that she had standing to bring her suit under section 102.006(c) of the Family Code. *See* Tex. Fam. Code § 102.006(c). The Department answered and filed a plea to the jurisdiction based on lack of standing. After a hearing, the trial court granted the Department's plea and dismissed L.H.'s petition. This appeal followed.

## ANALYSIS

In her sole issue, L.H. urges that the trial court erred in determining that she lacked standing to pursue her modification seeking managing conservatorship of the children.

"Standing is a component of subject-matter jurisdiction." *In re J.C.*, 399 S.W.3d 235, 238 (Tex. App.—San Antonio 2012, no pet.) (citing *Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 443-44 (Tex. 1993)). "When standing to bring a particular type of lawsuit has been conferred by statute, we use that statutory framework to analyze whether the petition has been filed by a proper party." *Id.* (citing *Jasek v. Texas Dep't of Family & Protective Servs.*, 348 S.W.3d 523, 528 (Tex. App.—Austin 2011, no pet.)). "The party seeking relief must allege and establish standing within the parameters of the statutory language." *Id.* (citing, among other authority, *Jasek*, 348 S.W.3d at 528).

Section 102.003 of the Family Code generally sets forth prerequisites for standing. *See* Tex. Fam. Code § 102.003 (listing persons with general standing to file suit affecting the

2

parent-child relationship); § 156.002 (listing persons with standing to file suit for modification of order for conservatorship of child as including person "who, at the time of filing, has standing to sue under Chapter 102"); *see also id*. § 102.004 (addressing standing for grandparents and other persons). L.H. did not attempt to satisfy those requirements. Rather, L.H.'s only asserted basis for standing is section 102.006(c).[2] We begin then with the plain language of section 102.006(c), reviewing it in the context of the broader statutory scheme. *See Railroad Comm'n v. Texas Citizens for a Safe Future & Clean Water*, 336 S.W.3d 619, 628 (Tex. 2011) (construing statute in context of statutory scheme); *Presidio Indep. Sch. Dist. v. Scott*, 309 S.W.3d 927, 930 (Tex. 2010) (citing *City of Rockwall v. Hughes*, 246 S.W.3d 621, 625–26 (Tex. 2008)) (noting that courts must "construe the text according to its plain and common meaning unless a contrary intention is apparent from the context or unless such a construction leads to absurd results"); *20801, Inc. v. Parker*, 249 S.W.3d 392, 396 (Tex. 2008) (considering statute's "role in the broader statutory scheme").

Chapter 102 of the Family Code addresses the filing of suits affecting the parent-child relationship. *See* Tex. Fam. Code §§ 102.001–.014. The chapter includes sections addressing general standing to file suit, the standing of grandparents or other persons, the standing of siblings, and standing to request termination and adoption. *Id*. §§ 102.003–.005. Following these sections, section 102.006, titled "Limitations on Standing," states in relevant part:

---

[2] Our standard of review in this context is de novo and well-established. *See Texas Mun. Power Agency v. Public Util. Comm'n*, 253 S.W.3d 184, 192 (Tex. 2007) (stating standard of review of statutory construction); *see also Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004) (stating standard of review of trial court's ruling on plea to jurisdiction); *see also* Tex. R. App. P. 47.1, 47.4.

(a)    Except as provided by Subsections (b) and (c), if the parent-child relationship between the child and every living parent of the child has been terminated, an original suit may not be filed by:

. . .

(3)    a family member or relative by blood, adoption, or marriage of either a former parent whose parent-child relationship has been terminated or of the father of the child.

. . .

(c)    The limitations on filing suit imposed by this section do not apply to . . . a grandparent of the child . . . if the . . . grandparent . . . files an original suit or a suit for modification requesting managing conservatorship of the child not later than the 90th day after the date the parent-child relationship between the child and the parent is terminated in a suit filed by the Department of Family and Protective Services requesting the termination of the parent-child relationship.

*Id*. § 102.006(a)(3), (c).[3]

L.H. focuses on the inclusion of the phrase "or a suit for modification requesting managing conservatorship" in subsection (c) to support her position that subsection (c) confers "special standing" on certain relatives as long as they file suit within 90 days of a final decree

---

[3] Subsection (b) of section 102.006 states:

The limitations on filing suit imposed by this section do not apply to a person who:

(1)    has a continuing right to possession of or access to the child under an existing court order; or

(2)    has the consent of the child's managing conservator, guardian, or legal custodian to bring the suit.

Tex. Fam. Code § 102.006(b).

4

terminating parental rights. L.H. argues that, by its terms, subsection (a) only applies to original suits so that the inclusion of the phrase addressing suits for modification in subsection (c) creates an ambiguity in the statute. L.H. then cites legislative history to support her position that the intent of subsection (c) was to give relatives, such as "unaware relatives," of parents who have their rights terminated by the Department a 90-day window to file for managing conservatorship of a child.

We conclude, however, that section 102.006(c) is not ambiguous and interpret it based on its plain text in the context of the statutory scheme. *See Scott*, 309 S.W.3d at 930; *Parker*, 249 S.W.3d at 396; *see also* Tex. Gov't Code § 311.016(1) ("'May' creates discretionary authority or grants permission or a power."), § 311.023(3) (stating that court "may consider among other matters . . . legislative history"); *City of Round Rock v. Rodriguez*, 399 S.W.3d 130, 137 (Tex. 2013) ("When a statute is clear and unambiguous, we do not resort to extrinsic aides such as legislative history to interpret the statute." (citations omitted)).

Consistent with our sister court's analysis of section 102.006, we conclude that it, including subsection (c), expressly does not confer standing but limits the standing of persons who would otherwise have standing. *See In re J.C.*, 399 S.W.3d at 239 ("reviewing the plain text of sections 102.005 and 102.006" and concluding that "[s]ection 102.006 does not confer standing, but instead limits which parties have standing to file a petition for adoption pursuant to section 102.005"); *In re N.A.D.*, 397 S.W.3d 747, 749 (Tex. App.—San Antonio 2013, no pet.) (concluding that section 102.006 "limits the standing of particular individuals when the parent-child relationship has been terminated" and that "it does not confer standing" and that "when the Department seeks and obtains termination of the parent-child relationship, subsection (c) allows grandparents *with standing*

5

to file suit for modification within ninety days") (emphasis added); *In re A.M.*, 312 S.W.3d 76, 81 (Tex. App.—San Antonio 2010, pet. denied) (explaining that section 102.006 "limits the standing of particular individuals in cases where an original suit is filed and the parents' rights were previously terminated").[4]

For purposes of this appeal, standing to file a modification requesting managing conservatorship is limited to a "party affected by an order" or a "person . . . who, at the time of filing, has standing to sue under Chapter 102." *See* Tex. Fam. Code § 156.002(a)–(b). L.H. does not contend that she was a "party" when the final termination decree was signed or otherwise assert standing under chapter 102, except under section 102.006(c). *See, e.g.*, *id.* § 102.004 (addressing standing for grandparents). Because we have concluded section 102.006(c) does not confer but limits standing, we conclude that L.H. failed to allege and establish standing to pursue her modification seeking managing conservatorship of the children. *See In re J.C.*, 399 S.W.3d at 238. Thus, we conclude that the trial court did not err when it granted the Department's plea. We overrule L.H.'s sole issue.

## CONCLUSION

For these reasons, we affirm the trial court's order of dismissal granting the Department's plea to the jurisdiction.

---

[4] *See also In re C.M.C.*, 192 S.W.3d 866, 873 (Tex. App.—Texarkana 2006, no pet.) (addressing statute prior to amendment adding subsection (c) but explaining that "*[s]ection 102.006 merely bars certain persons from filing suit who would otherwise have standing to file the suit*") (emphasis added).

_____

Melissa Goodwin, Justice

Before Justices Puryear, Rose, and Goodwin

Affirmed

Filed :   March 6, 2014