

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00265-CV

IN THE INTEREST OF D.A., A
CHILD

----------

FROM THE 323RD DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 323-100117-14

----------

## MEMORANDUM OPINION[1]

----------

Appellant, D.A.'s paternal grandmother, appeals from the trial court's order dismissing her suit seeking termination of D.A.'s mother's parental rights and adoption of D.A. for lack of standing. We reverse and remand.

## Background

After D.A.'s father's parental rights—but not his mother's—were terminated in a proceeding brought by the Texas Department of Family and

---

[1]*See* Tex. R. App. P. 47.4.

Protective Services, Grandmother filed suit seeking to have the mother's parental rights terminated so that she could adopt D.A. The Department, who was D.A.'s permanent managing conservator, sought to have the suit dismissed for lack of standing and because granting her party status would not be in D.A.'s best interest. After Grandmother failed to appear at a hearing on the Department's motion to dismiss, the trial court signed an order dismissing the suit for lack of standing.

## Analysis

Grandmother asserts that the trial court violated her due process rights by dismissing the suit because she showed that she has standing under either sections 102.004(b), 102.005, or 102.006 of the family code.

### Standard of Review

Whether a plaintiff has standing is a question of law that we review de novo. *Tex. Dep't of Transp. v. City of Sunset Valley*, 146 S.W.3d 637, 646 (Tex. 2004); *In re Kelso*, 266 S.W.3d 586, 590 (Tex. App.—Fort Worth 2008, orig. proceeding). When a plea to the jurisdiction—such as the Department's standing complaint here—challenges the pleadings, we determine if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). We construe the pleadings in the pleader's favor. *Id.*; *In re C.M.V.*, 136 S.W.3d 280, 284–85 (Tex. App.—San Antonio 2004, no pet.). Standing to bring a suit affecting the parent-child relationship is governed by the family code. *In re*

*McDaniel*, 408 S.W.3d 389, 397 (Tex. App.—Houston [1st Dist.] 2011, orig. proceeding).

**Family Code Section 102.004(b)**

Section 102.004(b) provides that

> [a]n original suit requesting possessory conservatorship may not be filed by a grandparent or other person. However, the court may grant a grandparent or other person deemed by the court to have had substantial past contact with the child leave to intervene in a pending suit filed by a person authorized to do so under this subchapter if there is satisfactory proof to the court that appointment of a parent as a sole managing conservator or both parents as joint managing conservators would significantly impair the child's physical health or emotional development.

Tex. Fam. Code Ann. § 102.004(b) (West 2014). Because section 102.004(b) applies only to a petition in intervention brought in a pending suit, and this suit was not brought via a petition in intervention but rather an original petition seeking termination and adoption, we conclude and hold that Grandmother did not show standing under section 102.004(b) of the family code.[2]

---

[2]Grandmother did not file a suit seeking possessory conservatorship only; thus, section 102.004(b) would not apply for that reason as well. Additionally, Grandmother has not shown standing under section 102.004(a) because neither the Department nor D.A.'s mother have consented to the suit. *See* Tex. Fam. Code Ann. § 102.004(a). Although Grandmother complains that they are wrongfully withholding such consent, she has cited no authority, and we have found none, obligating the Department or D.A.'s mother to consent to Grandmother's suit. *Cf. In re A.M.*, 312 S.W.3d 76, 83–84 (Tex. App.—San Antonio 2010, pet. denied) (explaining that concept of wrongful withholding of consent to adoption is not implicated in standing analysis but rather when considering merits of adoption petition); *In re M.K.S.-V.*, 301 S.W.3d 460, 466 (Tex. App.—Dallas 2009, pet. denied) (op. on reh'g) (noting same).

**Section 102.006**

Section 102.006(a) of the family code provides,

(a) Except as provided by Subsections (b) and (c), *if the parent-child relationship between the child and every living parent of the child has been terminated*, an original suit may not be filed by:

   (1) a former parent whose parent-child relationship with the child has been terminated by court order;

   (2) the father of the child; or

   (3) a family member or relative by blood, adoption, or marriage of either a former parent whose parent-child relationship has been terminated or of the father of the child.

Tex. Fam. Code Ann. § 102.006(a) (West 2014) (emphasis added). Thus, section 102.006 does not confer standing, but rather limits standing that might otherwise be conferred by other sections of the family code. *L.H. v. Tex. Dep't of Family & Protective Servs.*, No. 03-13-00348-CV, 2014 WL 902555, at *2 (Tex. App.—Austin Mar. 6, 2014, no pet.) (mem. op.); *In re J.C.*, 399 S.W.3d 235, 239 (Tex. App.—San Antonio 2012, no pet.). Here, subsection 102.006 does not apply to limit Grandmother's standing to file an original suit for termination and adoption because only D.A.'s father's rights have been terminated. *See* Tex. Fam. Code Ann. § 102.006(a). Thus, we must determine whether Grandmother showed standing to file suit under section 102.005 of the family code; the Department contended in its motion to dismiss that she did not.

4

**Section 102.005**

Section 102.005 sets forth the standing requirements to file an adoption suit and provides as follows:

An original suit requesting only an adoption or for termination of the parent-child relationship joined with a petition for adoption may be filed by:

(1) a stepparent of the child;

(2) an adult who, as the result of a placement for adoption, has had actual possession and control of the child at any time during the 30-day period preceding the filing of the petition;

(3) an adult who has had actual possession and control of the child for not less than two months during the three-month period preceding the filing of the petition;

(4) an adult who has adopted, or is the foster parent of and has petitioned to adopt, a sibling of the child; or

(5) another adult whom the court determines to have had substantial past contact with the child sufficient to warrant standing to do so.

*Id.* § 102.005 (West 2014); *see In re J.C.,* 399 S.W.3d at 239. Grandmother argues in her brief, and she argued in her motion for new trial,[3] that she has shown sufficient substantial past contact with D.A. to confer standing under section 102.005.

---

[3]The State contends that Grandmother had the opportunity to "present evidence and witness testimony" at the motion for new trial hearing but that she "failed to avail herself of that opportunity." However, the trial court told Grandmother that she could call witnesses only to address why she failed to appear at the motion to dismiss hearing and not to address the merits of the standing issue.

In an affidavit attached to the petition, Grandmother averred that D.A. had lived with her from December 16, 2012 through November 7, 2013, from March 13, 2008 through July 28, 2010, and about 75% of the time from 2006 through 2008. We take these allegations favorable to the nonmovant as true. *See Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 503 (Tex. 2010). The Department did not offer any evidence at the hearing on its motion;[4] instead, it argued that Grandmother's petition showed that D.A. had not been in her care since October 2013. It presented no other argument regarding "substantial past contact"; instead, it additionally argued that Grandmother had had a prior suit seeking possessory conservatorship dismissed for lack of standing. D.A.'s attorney ad litem argued that D.A. had been removed from a prior placement with Grandmother because she allowed D.A. to see his parents prior to the termination of his father's rights. The attorney ad litem also argued that D.A. was thriving in his then-current placement.

Nothing in the language of section 102.005 incorporates a best interest determination into the statutory requirements for standing.[5] *See* Tex. Fam. Code

_____

[4]*Cf.* Tex. R. Civ. P. 165a (requiring court to notify party seeking affirmative relief of intention to dismiss for want of prosecution for failure to appear at hearing); *Parnell v. Parnell*, No. 2-09-270-CV, 2010 WL 2331411, at *2–3 (Tex. App.—Fort Worth June 10, 2010, no pet.) (mem. op.) (explaining that trial court may not dismiss under rule 165a if it only provides notice of potential dismissal for lack of prosecution with due diligence, and vice versa).

[5]*Compare* Tex. Fam. Code Ann. § 102.005, *with id.* § 102.004(a)(1) (conferring standing only upon satisfactory proof of suit's merits—that appointment of grandparent as managing conservator is necessary because the

Ann. § 102.005(5); *cf. In re Lee*, 411 S.W.3d 445, 454–55 (Tex. 2013) (orig. proceeding) (reasoning that although family code section 153.002 provides that "[t]he best interest of the child shall always be the primary consideration of the court in determining the issues of conservatorship and possession of and access to the child," the legislature has seen fit to dispense with the best interest requirement in other parts of the family code). Thus, we do not consider those arguments by the Department in reviewing the trial court's determination of whether Grandmother's petition alleged facts sufficient to show standing under section 102.005. Nor do we consider Grandmother's lengthy arguments outside the record regarding the prior termination proceeding and related events.

However, even though Grandmother did not specifically name in her petition the statute under which she was seeking standing, she did provide a sworn, uncontroverted affidavit that showed D.A. had lived with her for approximately three of his then-ten years and had lived with her for about 75% of the time during two other years. Section 102.005 does not place a time limitation on "substantial past contact" such that Grandmother's lack of contact with D.A. within the six-month period preceding the filing of her petition would prevent the court from considering the evidence she provided showing that D.A. had lived with her for approximately half of his life. *See In re C.M.C.,* 192 S.W.3d 866, 870–72 (Tex. App.—Texarkana 2006, no pet.) (defining "substantial" as "of

child's present circumstances would significantly impair the child's physical health or emotional development).

ample or considerable amount, quantity, size, etc."); *cf. In re M.J.R.B.*, No. 12-11-00004-CV, 2012 WL 4502433, at *2–3 (Tex. App.—Tyler Sept. 28, 2012, no pet.) (mem. op.) (holding that foster parents with whom child had lived for seven months prior to filing of suit met standing requirements under *both* subsections (3) and (5) of family code section 102.005). We conclude and hold that Grandmother's petition alleged facts sufficient to show that she had "substantial past contact" with D.A. as contemplated by section 102.005(5). Accordingly, we further conclude and hold that the trial court erred by granting the Department's motion to dismiss based on Grandmother's alleged failure to plead sufficient facts to show standing to bring her suit for termination and adoption.

## Conclusion

Having determined that the trial court erred by granting the Department's motion to dismiss Grandmother's suit for lack of standing, we reverse the trial court's order of dismissal. We remand the case to the trial court.

/s/ Terrie Livingston

TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL: LIVINGSTON, C.J.; DAUPHINOT and GABRIEL, JJ.

GABRIEL, J., filed a dissenting opinion.

DELIVERED: February 5, 2015

8