

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-14-00265-CV

IN THE INTEREST OF D.A., A
CHILD

----------

### FROM THE 323RD DISTRICT COURT OF TARRANT COUNTY
### TRIAL COURT NO. 323-100117-14

----------

## DISSENTING MEMORANDUM OPINION[1]

----------

I respectfully dissent from the majority opinion's conclusion that the trial court erred by dismissing Grandmother's suit for lack of standing. In this case, standing is conferred by statute; thus, we must analyze whether the petition was filed by a proper party under the statutory framework. *See In re J.C.*, 399 S.W.3d 235, 238 (Tex. App.—San Antonio 2012, no pet.). "The party seeking relief must allege *and* establish standing *within the parameters of the statutory language.*" *Id.* (emphases added).

---

[1]*See* Tex. R. App. P. 47.4.

Grandmother alleged in her petition, in a section entitled "Residence Requirement," that "[t]he child will have lived in the home of [Grandmother] for at least six (6) months when this cause is heard." As statutorily required, she attached an affidavit to her petition in which she detailed where D.A. had lived since 2006. *See* Tex. Fam. Code Ann. § 152.209(a) (West 2014). After the Department filed its motion to dismiss Grandmother's petition based on a lack of standing, Grandmother did not respond and failed to appear for the hearing although she had actual notice of the motion and the hearing. The Department noted that Grandmother did not "state under what provision she is asserting standing." But the Department then argued that although Grandmother had not alleged standing under section 102.005, she could not meet that statutory standard. *See id.* § 102.005 (West 2014). In her motion for new trial, Grandmother again did not allege section 102.005 other than to state in a conclusory manner that she had "established a substantial past contact with child." She then specified, however, that she based her standing on the fact that she had care, control, and possession of D.A. for at least six months, which had ended less than ninety days before she filed her petition. *See id.* § 102.003(a)(9) (West 2014).

I would hold that Grandmother failed to sufficiently allege and establish standing. As the person asserting standing, Grandmother had the burden to allege and prove the applicable statute conferring standing. *See In re S.M.D.*, 329 S.W.3d 8, 12–13 (Tex. App.—San Antonio 2010, pet. dism'd). This she did

not do.  I do not believe that Grandmother's factually incorrect allegation in her petition that D.A. had lived with her for six months (which she stated in support of a "residence requirement"), her affidavit that was attached as required by a section of the family code that has no application to standing, or her specific reference to section 102.003(a)(9) in her motion for new trial were sufficient to establish standing under either section 102.003(a)(9) or section 102.005.  We cannot apply a different standard to Grandmother merely because she is proceeding pro se.  *See Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978); *In re J.P.*, 365 S.W.3d 833, 837 (Tex. App.—Dallas 2012, no pet.); *Stein v. Lewisville Indep. Sch. Dist.*, 481 S.W.2d 436, 439 (Tex. Civ. App.—Fort Worth 1972, writ ref'd n.r.e.), *appeal dism'd & cert. denied*, 414 U.S. 948 (1973). An attorney's wholesale failure to address standing until raised in a motion for new trial after a jurisdictional dismissal, failure to specify which statute conferred standing, or the citation of an inapplicable standing statute would certainly be deemed insufficient to sustain the burden of pleading and proof on standing. Accordingly, the trial court correctly concluded that Grandmother failed to allege or establish standing and, therefore, correctly dismissed Grandmother's petition. *See In re C.M.C.*, 192 S.W.3d 866, 870 (Tex. App.—Texarkana 2006, no pet.).

/s/ Lee Gabriel

LEE GABRIEL
JUSTICE

DELIVERED:  February 5, 2015

3