

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-16-00387-CV

IN RE R.B. AND J.B.                                                    RELATORS

----------

ORIGINAL PROCEEDING
TRIAL COURT NO. 325-602361-16

----------

## MEMORANDUM OPINION[1]

----------

## I. INTRODUCTION

Relators R.B. and J.B. (the Grandparents) seek a writ of mandamus to compel the trial court to vacate its order denying their plea to the jurisdiction, to grant their plea to the jurisdiction, and to vacate its temporary orders. The primary issue is whether family code section 102.006(a) divests Real Parties in Interest E.B. and S.B. of standing to maintain the underlying suit affecting the parent-child relationship (SAPCR). It does. We will conditionally grant the petition.

---

[1]*See* Tex. R. App. P. 47.4.

## II. BACKGROUND

J.B. was born in 2003. E.B. is her biological mother. The Grandparents are E.B.'s biological parents and, therefore, J.B.'s maternal grandparents.

The Grandparents adopted J.B. in 2006. The adoption decree terminated the parent-child relationship between J.B. and both of her biological parents, including E.B., who voluntarily relinquished her parental rights to J.B.

Although E.B.'s parental rights to J.B. were terminated, the Grandparents, who live in Floresville, Texas, allowed J.B. to live with E.B. in California between July 2006 and April 2007 and in Corpus Christi, Texas, during the summer of 2010 and between July and November 2011. In 2014, J.B. went to live with E.B., her husband S.B., and J.B.'s sisters in Azle, Texas, where she resided and attended school for the next two years.[2] Relator J.B. executed a special power of attorney in June 2014 and again in August 2015 that authorized E.B. and S.B. to take temporary custody of J.B. and to enroll her in school.

In the summer of 2016, when J.B. returned to Floresville following a second year of school in Azle, the Grandparents decided that she would stay and attend school there. Shortly thereafter, E.B. and S.B. filed the underlying SAPCR, seeking to be named joint managing conservators of J.B. with the exclusive right to establish her primary residence. The Grandparents filed a plea to the jurisdiction, arguing that under family code section 102.006(a), E.B. and S.B. lacked standing to file the SAPCR. After a hearing, the trial court denied the

---

[2]E.B. married S.B. in January 2014.

Grandparents' plea, finding (i) that section 102.006 did not apply because the Grandparents had "voluntarily relinquished" J.B. to E.B. and S.B. for a twelve-month period in 2006 and for a twenty-four month period prior to filing suit and (ii) that the Grandparents had "conferred standing" on E.B. and S.B. under family code section 102.003(a)(9) by "relinquishing possession and control of [J.B.] to [E.B. and S.B.] for a period of twenty-four (24) months during which time" J.B. attended school in Azle and the Grandparents visited with her for ten days over the twenty-four month period. The trial court issued temporary orders that, among other things, allowed E.B. limited access to J.B.

### III. E.B. AND S.B. LACK STANDING

The Grandparents argue in their first issue that the trial court clearly abused its discretion by denying their plea to the jurisdiction because even if E.B. and S.B. established standing under family code section 102.003(a)(9), their standing is nevertheless expressly limited, and consequently divested, by family code section 102.006(a). E.B. and S.B. assert a number of arguments in support of the trial court's ruling.

Mandamus relief is proper only to correct a clear abuse of discretion when there is no adequate remedy by appeal. *In re Olshan Found. Repair Co.*, 328 S.W.3d 883, 888 (Tex. 2010) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). A trial court clearly abuses its discretion when it reaches a decision so arbitrary and unreasonable as to amount to a clear

3

and prejudicial error of law or if it clearly fails to correctly analyze or apply the law. *Olshan Found. Repair Co.*, 328 S.W.3d at 888; *Walker*, 827 S.W.2d at 839.

Standing is a component of subject-matter jurisdiction. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 445 (Tex. 1993). If a party lacks standing to bring an action, then the trial court lacks subject-matter jurisdiction to hear the case. *Id.* at 444–45. If a court lacks subject-matter jurisdiction to hear a case, then it lacks authority to decide that case. *M.D. Anderson Cancer Ctr. v. Novak*, 52 S.W.3d 704, 708 (Tex. 2001). We review a party's standing to pursue a cause of action de novo. *In re Russell*, 321 S.W.3d 846, 856 (Tex. App.—Fort Worth 2010, orig. proceeding [mand. denied]).

Standing is properly raised in a plea to the jurisdiction. *Tex. Ass'n of Bus.*, 852 S.W.2d at 443. A plea to the jurisdiction is a dilatory plea, the purpose of which is to defeat a cause of action without regard to whether the claims asserted have merit. *Bland ISD v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000).

The legislature has provided a comprehensive statutory framework for standing in the context of suits involving the parent-child relationship. *In re J.C.*, 399 S.W.3d 235, 238 (Tex. App.—San Antonio 2012, no pet.). When standing has been conferred by statute, we use that statutory framework to analyze whether the petition has been filed by a proper party. *Id.*

Our primary objective when construing a statute is to ascertain and give effect to the legislature's intent. *State v. Shumake*, 199 S.W.3d 279, 284 (Tex. 2006). We seek that intent first and foremost in the statutory text. *Lexington Ins.*

4

*Co. v. Strayhorn*, 209 S.W.3d 83, 85 (Tex. 2006). We rely on the plain meaning of the text, unless a different meaning is supplied by legislative definition or is apparent from context, or unless such a construction leads to absurd results. *City of Rockwall v. Hughes*, 246 S.W.3d 621, 625–26 (Tex. 2008); *see* Tex. Gov't Code Ann. § 311.011(a) (West 2013). Further, in determining the meaning of a statute, a court must consider the entire act, its nature and object, and the consequences that would follow from each construction. *Sharp v. House of Lloyd, Inc.*, 815 S.W.2d 245, 249 (Tex. 1991). We presume that the entire statute is intended to be effective and that the legislature enacted it with complete knowledge of the existing law and with reference to it. Tex. Gov't Code Ann. § 311.021(2) (West 2013); *Acker v. Tex. Water Comm'n*, 790 S.W.2d 299, 301 (Tex. 1990).

Family code section 102.003(a)(9) provides that an original suit may be filed at any time by "a person, other than a foster parent, who has had actual care, control, and possession of the child for at least six months ending not more than 90 days preceding the date of the filing of the petition." Tex. Fam. Code Ann. § 102.003(a)(9) (West Supp. 2016). Family code section 102.006, entitled "Limitations on Standing," provides as follows:

(a) Except as provided by Subsections (b) and (c), if the parent-child relationship between the child and every living parent of the child has been terminated, an original suit may not be filed by:

(1) a former parent whose parent-child relationship with the child has been terminated by court order;

5

(2) the father of the child; or

(3) a family member or relative by blood, adoption, or marriage of either a former parent whose parent-child relationship has been terminated or of the father of the child.

(b) The limitations on filing suit imposed by this section do not apply to a person who:

(1) has a continuing right to possession of or access to the child under an existing court order; or

(2) has the consent of the child's managing conservator, guardian, or legal custodian to bring the suit.

(c) The limitations on filing suit imposed by this section do not apply to an adult sibling of the child, a grandparent of the child, an aunt who is a sister of a parent of the child, or an uncle who is a brother of a parent of the child if the adult sibling, grandparent, aunt, or uncle files an original suit or a suit for modification requesting managing conservatorship of the child not later than the 90th day after the date the parent-child relationship between the child and the parent is terminated in a suit filed by the Department of Family and Protective Services requesting the termination of the parent-child relationship.

*Id.* § 102.006 (West 2014).

The trial court's finding that E.B. and S.B. have standing under section 102.003(a)(9) but that section 102.006 does not apply to limit their standing is erroneous as a matter of law. Section 102.003, entitled "General Standing to File Suit," generally sets forth prerequisites for standing to file an original SAPCR. *Id.* § 102.003. In other words, the statute sets out who generally *has* standing to file a SAPCR. *In re Smith*, 262 S.W.3d 463, 465–66 (Tex. App.—Beaumont 2008, orig. proceeding [mand. denied]). Section 102.006, on the other hand, expressly *limits* the standing of certain parties who would otherwise have standing to file

6

suit under another provision of the family code. *See, e.g., L.H. v. Tex. Dep't of Fam. & Protective Servs.*, No. 03-13-00348-CV, 2014 WL 902555, at *2 (Tex. App.—Austin Mar. 6, 2014, no pet.) (mem. op.) ("Consistent with our sister court's analysis of section 102.006, we conclude that it . . . expressly does not confer standing but limits the standing of persons who would otherwise have standing."); *J.C.*, 399 S.W.3d at 239 ("Section 102.006 does not confer standing, but instead limits which parties have standing to file a petition for adoption pursuant to section 102.005."); *In re C.M.C.*, 192 S.W.3d 866, 873 (Tex. App.— Texarkana 2006, no pet.) ("Section 102.006 merely bars certain parties from filing suit who would otherwise have standing to file the suit."). Thus, E.B.'s and S.B.'s standing under section 102.003(a)(9) is not determinative, nor is it even disputed by the Grandparents. Rather, the appropriate inquiry is whether E.B.'s and S.B.'s standing is limited by section 102.006(a). It clearly is. E.B. is a former parent whose parent-child relationship with J.B. has been terminated, and S.B., E.B.'s husband, is a family member or relative by marriage of a former parent whose parent-child relationship has been terminated. *See* Tex. Fam. Code Ann. § 102.006(a)(1), (3).

Directing us to family code section 153.002, E.B. and S.B. argue that the best interest of J.B. is the "paramount consideration" and that the trial court "quite properly found that [S.B.] and [E.B.], as nonparents who have solely exercised the actual care, control and possession of J.B. for 2 years, should be able to invoke the jurisdiction of the court to protect J.B. and promote her best interest."

7

*See* Tex. Fam. Code Ann. § 153.002 (West 2014) ("The best interest of the child shall always be the primary consideration of the court in determining the issues of conservatorship and possession of and access to the child."). Thus, E.B. and S.B. argue that even if section 102.006's jurisdictional limitation on standing applies to them, the trial court may nevertheless exercise jurisdiction if it determines pursuant to section 153.002 that the best interest of J.B. is served by allowing E.B. and S.B. to invoke the trial court's jurisdiction. Section 153.002 is not as far reaching as E.B. and S.B. suggest.

In *In re Lee*, the trial court refused to enter judgment on a mediated settlement agreement (MSA) involving the modification of a conservatorship agreement between the parents of a child on the ground that the MSA was not in the best interests of the child. 411 S.W.3d 445, 448 (Tex. 2013) (orig. proceeding). At the supreme court, the mother argued that the trial court had abused its discretion by not entering judgment because under family code section 153.0071(e), if the MSA meets subsection (d)'s requirements, a party is "entitled to judgment . . . notwithstanding . . . another rule of law." *See id.* at 453; Tex. Fam. Code Ann. § 153.0071(e) (West 2014). Relying on section 153.002, the father argued that entry of judgment on an MSA that is not in the best interest of the child violates public policy and is unenforceable. *Lee*, 411 S.W.3d at 452. Applying well-established rules of statutory construction, a majority of the supreme court concluded that section 153.0071 prohibits a trial court from conducting a broad best-interest inquiry under section 153.002 at a hearing for

8

the purpose of entering judgment on a properly executed MSA. It observed (1) that section 153.0071(e) unambiguously states that a party is "entitled to judgment" on an MSA that meets the statutory requirements; (2) that section 153.0071(e-1) authorizes a trial court to refuse to enter judgment on a statutorily compliant MSA on best interest grounds *only* when the court also finds the family violence elements are met; (3) that section 153.0071(e) is unlike section 153.0071(b), which explicitly gives a trial court authority to decline an arbitrator's award when it is not in the best interest of the child; (4) that section 153.0071(e)'s specific statutory language trumps section 153.002's more general mandate; and (5) that the MSA provision was added long after the general best interest provision. *Id.* at 453–55.

This case obviously does not involve the interplay between family code sections 153.0071(e) and 153.002, but *Lee* is instructive because it demonstrates, contrary to E.B.'s and S.B.'s presumptuous argument, that section 153.002's broad best-interest inquiry may be entirely inapplicable when a different, more specific family code statute applies.

Here, section 102.006 addresses standing—a component of subject-matter jurisdiction—a fundamental requirement of every lawsuit, without which the trial court has no authority to act. Section 153.002, by contrast, addresses best interests of the child in conservatorship and possession cases—a substantive matter that may be relevant to the merits but not to jurisdiction. The statutes thus address completely different matters, are entirely reconcilable, and

9

do not conflict in any way. We therefore decline to apply section 153.002's irrelevant best-interest inquiry to section 102.006's otherwise clear and unambiguous language limiting standing.

E.B. and S.B. next argue that section 102.006 should be read to limit the "standing only of persons who were family members at the time of the adoption and who could potentially have intervened in the termination and adoption proceedings." In other words, section 102.006 "should not limit the standing of a nonparent such as [S.B.] who became a family member of the terminated parent and developed his relationship with the child years after the adoption was completed and who is seeking relief on behalf of J.B. which is unrelated to the earlier adoption." As support, they direct us to a bill analysis. Nothing in section 102.006's plain language supports this reading, and E.B.'s and S.B.'s invitation to find hidden meaning in section 102.006's unambiguous language by perusing legislative materials is wholly inappropriate. *See City of Rockwall v. Hughes*, 246 S.W.3d 621, 626 (Tex. 2008) ("When a statute's language is clear and unambiguous, it is inappropriate to resort to rules of construction or extrinsic aids to construe the language."); *Alex Sheshunoff Mgmt. Servs., L.P. v. Johnson*, 209 S.W.3d 644, 651–52 (Tex. 2006) ("[W]hen a statute's words are unambiguous and yield a single inescapable interpretation, the judge's inquiry is at an end."); *see also Molinet v. Kimbrell*, 356 S.W.3d 407, 414 (Tex. 2011) ("Statements made during the legislative process by individual legislators or even a unanimous legislative chamber are not evidence of the collective intent of the majorities of

10

both legislative chambers that enacted a statute."). Insofar as E.B. and S.B. direct us to the bill analysis for context, *see Ojo v. Farmers Grp., Inc.*, 356 S.W.3d 421, 435–39 (Tex. 2011) (Jefferson, C.J., concurring), the analysis does not support their argument.

E.B. and S.B. seem to suggest that interpreting section 102.006 to limit the standing of someone like S.B.—who was not around when E.B.'s parental rights were terminated—is absurd, but it is not. The limitation on standing of those persons listed in section 102.006(a)(3) helps to promote finality in the termination process, a prime concern of the State. *See In re A.M.*, 312 S.W.3d 76, 84 (Tex. App.—San Antonio 2010, pet. denied). At the same time, however, section 102.006(c) gives certain family members a brief window to seek conservatorship of the child. The legislature's decision to except certain family members from section 102.006(a)'s prohibition *for only a short period of time* cuts against E.B.'s and S.B.'s argument that section 102.006(a) should not be construed to limit the standing of a nonparent who became a family member of the terminated parent *years after* the adoption was completed.

E.B. and S.B. next contend that as applied to them, section 102.006 is unconstitutional as a violation of the open courts provision of the Texas constitution. To establish an open-courts violation, E.B. and S.B. must show that (1) the statute restricts a well-recognized, common law cause of action and (2) the restriction is unreasonable or arbitrary when balanced against the act's purpose. *Lund v. Giauque,* 416 S.W.3d 122, 127 (Tex. App.—Fort Worth 2013,

11

no pet.). They argue that "[i]t is unreasonable and arbitrary to deny standing to nonparents such as [S.B.] and [E.B.] when other nonparents in the same circumstances but without a prior family relationship to [E.B.] would clearly have standing to bring a custody suit." As alluded to above, however, "the Legislature has continuously acknowledged the need for finality and permanency for the children." *A.M.*, 312 S.W.3d at 84. In light of this persistent concern, we see nothing arbitrary or unreasonable about limiting the standing of individuals like E.B. and S.B. to file a SAPCR.

E.B. and S.B. next argue that the exception to section 102.006(a)'s limitation on standing contained in section 102.006(b) applies because the Grandparents consented to the filing of the underlying SAPCR, as they gave E.B. and S.B. a power of attorney that granted them "full power to: Take temporary custody of my child(ren) and maintain and care for my child(ren) in my absence . . . ." The relevant power of attorney is a "military power of attorney prepared and executed pursuant to Title 10, United States Code, Section 1044B." It applies "until such time as I can return and resume my normal parental duties," or August 26, 2017. It authorized E.B. and S.B. to enroll J.B. in school and to consent to medical care and treatment on her behalf. It did not authorize E.B. and S.B. to file this suit. Further, J.B. has been with the Grandparents in Floresville since the summer of 2016. The Grandparents have challenged E.B.'s and S.B.'s SAPCR both in the trial court and in this court, arguing that they lack standing to maintain suit. By all accounts, although the

12

power of attorney is evidence that the Grandparents consented to giving E.B. and S.B. temporary custody of J.B. at some point and for some period of time, we cannot conclude that the Grandparents have in any way consented to the underlying lawsuit.

Finally, E.B. and S.B. recite the plea-to-the-jurisdiction standard of review and argue that we should presume that the trial court made all fact findings necessary to support its order denying the plea to the jurisdiction. However, there is no meaningful factual dispute between the parties—one that we as an appellate court must defer to. *See In re Labatt Food Serv., L.P.*, 279 S.W.3d 640, 643 (Tex. 2009) (orig. proceeding) (explaining that we give deference to a trial court's factual determinations that are supported by evidence). The issue is instead purely legal: Does section 102.006(a) limit E.B.'s and S.B.'s standing to bring the SAPCR? In light of all of the above, the trial court failed to correctly apply the law by ruling that section 102.006 does not limit E.B.'s and S.B.'s standing. *See Olshan Found. Repair Co.*, 328 S.W.3d at 888. Therefore, the trial court clearly abused its discretion by denying the Grandparents' plea to the jurisdiction.

Absent extraordinary circumstances, mandamus will not issue unless the relators lack an adequate remedy by appeal. *In re Van Waters & Rogers, Inc.*, 145 S.W.3d 203, 210–11 (Tex. 2004) (orig. proceeding) (citing *Walker*, 827 S.W.2d at 839). Whether a clear abuse of discretion can be adequately remedied by appeal depends on a careful analysis of the costs and benefits of

interlocutory review. *In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 464 (Tex. 2008) (orig. proceeding). An appellate remedy is adequate when any benefits to mandamus review are outweighed by the detriments. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex. 2004) (orig. proceeding). An appellate court should also consider whether mandamus will allow the court "to give needed and helpful direction to the law that would otherwise prove elusive in appeals from final judgments" and "whether mandamus will spare litigants and the public 'the time and money utterly wasted enduring eventual reversal of improperly conducted proceedings.'" *In re Team Rocket, L.P.*, 256 S.W.3d 257, 262 (Tex. 2008) (orig. proceeding) (quoting *Prudential*, 148 S.W.3d at 136).

The trial court lacks subject-matter jurisdiction over E.B.'s and S.B.'s SAPCR. Moreover, the benefits to mandamus review are not outweighed by the detriments, if any—mandamus will spare both sides the time and money that would inevitably be wasted litigating a SAPCR over which the trial court lacks subject-matter jurisdiction. *See In re W.L.W.*, 370 S.W.3d 799, 807 (Tex. App.—Fort Worth 2012, orig. proceeding [mand. denied]). We sustain the Grandparents' first issue, which is dispositive of their second issue regarding whether the trial court acted without subject-matter jurisdiction to enter temporary orders. In light of our disposition, we need not reach the Grandparents' third issue, which complains that the trial court abused its discretion by issuing temporary orders without findings. *See* Tex. R. App. P. 47.1.

14

## IV. Conclusion

We conditionally grant the Grandparents' petition for writ of mandamus and direct the trial court to set aside its order denying the Grandparents' plea to the jurisdiction, to grant their plea to the jurisdiction, and to vacate the temporary orders.[3]  A writ will issue only if the trial court fails to do so.

/s/ Bill Meier
BILL MEIER
JUSTICE

PANEL:  MEIER, GABRIEL, and SUDDERTH, JJ.

DELIVERED:  November 17, 2016

---

[3]We lift the stay order issued on October 20, 2016, to permit the trial court to comply with our memorandum opinion and judgment.